CLYDE E. DENT, JR., BY HIS EXECUTRIX, THEDA E. DENT, v. MARJORIE DENT CASAGA.

208 N. W. 2d 734.

June 1, 1973—No. 43831.

*Harry H. Peterson,* for appellant.

*Daniel G. LaPorte* and *Buckingham, Doolittle & Burroughs,* for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Olson, JJ.

TODD, JUSTICE.

Plaintiff appeals from the judgment of the district court adjudicating that the deceased plaintiff is indebted to defendant for past-due support money for the minor child of the parties, who was emancipated at the time of the hearing. The trial court's judgment includes support money due from July 23, 1953, the date of the decree, to August 26, 1967, the date of the emancipation of the minor, less sums paid by plaintiff during his lifetime, together with certain allowances for temporary support and for attorneys' fees. We affirm the decision of the trial court, except as to those amounts included in the judgment which represent support payments and attorneys' fees due more than 10 years prior to the commencement of the action.

Defendant was granted a divorce from plaintiff on July 23, 1953, in a proceeding before the Hennepin County District Court. Under the terms of the decree, defendant was awarded custody

of the minor child of the parties and plaintiff was ordered to pay defendant the sum of $15 per week as support money for the child. Plaintiff apparently took custody of the child from defendant on September 1, 1953, and kept her until December 1954, when defendant obtained a court order from the Court of Common Pleas of Summit County, Ohio, returning custody to her. Defendant then left Ohio and lived for a short time in Nevada before taking up permanent residence in California.

The child apparently visited plaintiff during the summer of 1956. He also paid defendant the sum of $1,565 as support money. The child of the parties was married on August 26, 1967. Plaintiff died on April 10, 1968, and shortly thereafter defendant filed a claim against his estate in the probate court of Summit County, Ohio. On October 7, 1968, she commenced an action against the executrix of plaintiff's estate for unpaid support money pursuant to the Minnesota decree. The Ohio court received evidence on the matter but deferred further action pending a determination by the Minnesota court of the amount of arrearages. Defendant then made a motion before the Hennepin County District Court to have the amount of arrearages determined by the court and a judgment entered thereon. The parties appeared by their attorneys and the matter was submitted to the trial court which ordered judgment in the total amount of $8,970.

In arriving at the amount of the support money arrearages, the trial court computed the number of weeks from the date of the decree to the date of the emancipation of the minor child by her marriage. Credit was given to the deceased plaintiff for the 59-week period in 1953 and 1954 when he had physical custody of the child; and further credit was given for the $1,565 paid by plaintiff. The amount due after giving such credits was computed by the court to be the sum of $8,545, to which it added the sum of $225 for temporary support and attorneys' fees and the sum of $200 for permanent attorneys' fees as provided in the original decree.

1. Plaintiff first contends that the trial court in Hennepin

County had no jurisdiction to act upon the matter of arrearages since the minor child of the parties was emancipated. In support of this position, plaintiff cites Zieman v. Zieman, 265 Minn. 190, 121 N. W. 2d 77 (1963). The Zieman case and Lieder v. Straub, 230 Minn. 460, 42 N. W. 2d 11 (1950), cited with approval by the Zieman court, stand for the proposition that, when the child has reached the age of majority, the trial court in the divorce proceedings may not enforce by contempt proceedings the payment of delinquent support money. In the Lieder case our court cited with approval Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413 (1936), in which we had held that support payments cannot be awarded after a child has reached his majority. While the Zieman and Lieder cases hold that contempt proceedings cannot be brought to enforce support orders for children after the children reach majority, our court also said in Lieder: "The right to a judgment enforceable by ordinary remedies alone remained." 230 Minn. 463, 42 N. W. 2d 13.

These cases establish the rule in Minnesota, which we reiterate here, that support orders for minor children cannot be enforced by contempt proceedings when the children are emancipated or reach majority. However, this does not preclude the right of the party entitled to the support to obtain judgment for accrued, unpaid support payments subject to the time limitations established in this opinion.

2. Our prior decisions have not directly passed on the status of support payments required by divorce decrees. However, our prior decisions have indicated the rule we adopt now. In Holton v. Holton, 153 Minn. 346, 190 N. W. 542 (1922), the plaintiff, who had been awarded alimony in an Oregon divorce proceeding, obtained a judgment in Oregon for accrued alimony and brought an action on the judgment against the defendant, who had become a resident of Minnesota following the divorce. Defendant claimed the judgment was not entitled to full faith and credit in Minnesota. After reviewing a number of decisions on this question, our court said (153 Minn. 351, 190 N. W. 544):

"* * * [W]e hold that so long as the judgment is absolute in its terms and remains unmodified, or at least until an application for modification has been made, it is final as to installments of alimony which have accrued."

We have expanded this concept in Ladd v. Martineau, 205 Minn. 129, 285 N. W. 281 (1939). This case involved enforcement of a North Dakota judgment for support money for an illegitimate child against the admitted father, a Minnesota resident. Our court said (205 Minn. 135, 285 N. W. 284):

"We are of the opinion that a judgment obtained in a competent court of this state for payments due under a judgment entered by a competent court of a sister state under the illegitimacy statutes of the latter may be enforced, when so ordered by our court, by the same means as if the judgment has been originally obtained in this state and under our laws."

We hold that a judgment of divorce providing for support payments in the future is a final judgment. This rule is subject to the right of a party to seek modification of the decree, but until such modification has been ordered, the decree is entitled to enforcement as originally entered.

It is clear that the judgment of the Minnesota district court determined only the amount of the arrearages due under the decree and did not in any way modify it. The Ohio court, in response to defendant's motion for a continuance of the action she had brought there against plaintiff's estate, had continued and held open that action in order to permit defendant to obtain such a judgment in this state. The judgment entered here, after a hearing and argument by both parties, in effect refused to amend the divorce decree.

3. Plaintiff also challenges the judgment of the trial court as being in violation of our statute of limitations on judgments. Minn. St. 550.01 provides as follows:

"The party in whose favor a judgment is given, or the assignee of such judgment, may proceed to enforce the same, at any time

within ten years after the entry thereof, in the manner provided by law."

Our court in Ladd v. Martineau, *supra*, in commenting on the enforcement of foreign judgments pursuant to Mason St. 1927, § 9190 (now Minn. St. 541.04), which provides a similar 10-year limitation upon the enforcement of judgments obtained in Federal courts or the courts of other states, stated (205 Minn. 133, 285 N. W. 283):

"* * * It is reasoned that since the judgment sued on was entered more than ten years prior to the time this action was brought the statute of limitations bars recovery in any amount. The trial court properly treated each installment separately and rendered judgment for those which fell due within ten years prior to the commencement of the suit.

"To accept the contentions of appellant would be to attribute to the legislature an intent to curtail the power of the courts to render judgments payable in installments by making the judgment a nullity, in effect, insofar as it directed a payment at a time later than ten years after judgment was entered. * * * [Citations omitted.]"

The rationale of that decision is equally applicable to a decree requiring support payments. We hold that divorce decrees calling for support payments in the future are entitled to enforcement by the party to whom the support was awarded, provided that each installment of support payments shall be treated independently and separately and recovery allowed only for those payments which accrue within 10 years from the date of the commencement of the action.

The action to recover accrued support payments was commenced in Ohio on October 7, 1968, and therefore only installments accruing from and after October 7, 1958, until August 26, 1967, when the child became emancipated, would be recoverable. Since all payments from plaintiff and the period in which he had custody of the child occurred prior to 1958, defendant is entitled

to a judgment for 462 weeks of support at the rate of $15 per week, or the sum of $6,930. Defendant is not entitled to judgment for temporary attorneys' fees and permanent attorneys' fees awarded in the original decree since they also were separate awards and more than 10 years have elapsed since they became final.

4. Plaintiff also raises the question of the propriety of the trial court's refusal to modify or amend the original decree. We have reviewed the record and find that the evidence adequately sustains the conclusions reached by the trial court.

The judgment is affirmed, except as herein modified, and the matter is remanded to the district court for modification of the judgment in accordance with this opinion.

Affirmed in part and reversed in part.