CITY OF COLUMBIA HEIGHTS v.
JOHN H. GLOVER HOUSES, INC.

217 N. W. 2d 764.

April 26, 1974—No. 44384.

*Firestone, Fink, Krawetz, Miley & Maas, James P. Miley,* and *Steven R. Rutzick,* for appellant.

*Peterson & Kalina* and *Douglas J. Peterson,* for respondent.

Heard before Kelly, Yetka, and McRae, JJ., and considered and decided by the court.

YETKA, JUSTICE.

Appeal from an order issued on May 4, 1973, by the Anoka County District Court approving a certificate of attorney of plaintiff, city of Columbia Heights. This order finalized proceedings, instituted by plaintiff in 1965, to condemn certain parcels of real estate owned by John H. Glover Houses, Inc., defendant and appellant herein. We reverse.

A summary of the facts is as follows:

On November 15, 1965, pursuant to plaintiff's petition for condemnation of certain parcels of real estate owned by defendant, the district court issued an order appointing commissioners to ascertain the amount of damages sustained by defendant on account of the condemnation. Defendant did not oppose the issuance of this order.

On January 10, 1966, the commissioners awarded the sum of $1,500 for "all damages whatever as may have been sustained by the defendants * * * not only as to property actually taken in the proceedings, but also as to other property or properties owned by the defendants, * * * as is affected by said taking but not actually taken in this proceedings."

Defendant promptly appealed to the district court on grounds that the award of the commissioners did not adequately compensate for consequential damages resulting from flooding and other

causes and "for damages caused by the continuous tortious acts and conduct of the Petitioner."

Trial was set for May 17, 1967. On that day a pretrial conference was held in the chambers of the Honorable Leonard Keyes, Judge of Anoka County District Court. No record was made of this conference. The only evidence on the record as to what transpired at this pretrial conference are certain affidavits. The affidavit of Judge Keyes, supported by the affidavit of Spencer Sokolowski, who was also present at this conference, were filed. In substance, the affidavit of Judge Keyes recites that the matter was settled by the parties, defendant agreeing to accept $1,500 for "all damages whatever as may have been sustained by the defendants * * * not only as to property actually taken in the proceedings, but also as to other property or properties owned by the defendants * * * as is affected by said taking but not actually taken in [the] proceedings."

No stipulation of settlement was ever entered in the record, nor were written stipulations signed by the parties.

On May 22, 1967, plaintiff mailed a check in the amount of $1,500 to defendant, who retained but never negotiated said check. No further steps in this action were taken by either party until March 22, 1973, when plaintiff stopped payment on the above check. On March 23, 1973, plaintiff deposited $1,500 with the district court to be paid out at the direction of that court. Thereafter, on April 23, 1973, plaintiff filed a certificate of attorney along with a motion requesting approval of said certificate. Supporting affidavits were filed at this time.

Pursuant to this motion, the district court, on April 23, 1973, issued an order requiring defendant to appear at a hearing to be held May 4, 1973, and show cause why the court should not grant plaintiff's motion for approval of the certificate of attorney. This order, along with all the materials filed by plaintiff on April 23, 1973, was served on defendant on April 26, 1973.

Defendant had been represented by one Theodore B. Miksza at the pretrial conference of May 17, 1967. On May 2, 1973, de-

fendant contacted one Steven R. Rutzick to represent it at the hearing to be held on May 4, 1973.

Hearing on the motion for approval of the certificate of attorney was held on May 4, 1973. Counsel for defendant opposed approval on grounds that another lawsuit was involved in the matter. Counsel for defendant further requested a continuance on grounds that he had only two days' notice and had been unable to locate defendant's former counsel during that time and thus had inadequate time to properly prepare for the hearing. Defendant's counsel further alleged the matter had not been "settled" because defendant had not signed any stipulations or releases. The court refused to grant a continuance and then approved plaintiff's certificate of attorney, thereby finalizing the condemnation proceedings. Minn. St. 1969, § 117.20, subd. 6.

The parties conceded at oral argument that there is in fact another lawsuit pending, brought by the property owner against the city, which is in the nature of inverse condemnation and included claims for damages for nuisance and trespass. It is the defendant's contention that it has sustained damages to other property it owns adjacent to the property that is subject to this condemnation proceeding by reason of other construction actions by plaintiff, and that the condemnation action here, if finalized, would bar further prosecution of that action because of the doctrine of res adjudicata. Defendant alleges the lower court refused to allow an explanation of the implications of the court's action as it would affect the inverse condemnation action. The parties further concede that the city of Columbia Heights has already moved to dismiss the other cause of action based upon the trial court's decision in this action, thereby bearing out defendant's fears.

The question raised on this appeal was whether the matter had been settled by the parties so as to allow the district court to properly approve plaintiff's certificate of attorney and thus finalize the matter. If no settlement was in fact reached, is the

defendant guilty of laches by its conduct following the pretrial conference?

We hold that defendant is not guilty of laches in this case. We recognize that laches may be invoked against a party who fails to exercise reasonable diligence in bringing litigation to a close. Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777 (1923). However, defendant has not passively failed to litigate its claims arising from the condemnation proceedings at issue in this appeal because it is currently prosecuting another lawsuit involving the same land and claims which were the subject of the condemnation proceedings.

We further hold that the certificate of attorney was improperly approved because no settlement had been reached in the condemnation proceedings. This is not a case where a party has silently retained a check tendered in full payment of a disputed claim. Rather, this is a case where plaintiff was well aware that defendant was litigating a separate lawsuit which was so closely related to the condemnation proceedings that plaintiff, upon approval of the certificate of attorney moved for summary judgment in this other lawsuit. It is therefore apparent that defendant did not negotiate the settlement check or sign any stipulations or releases for fear that doing so would prevent it from litigating its other cause of action.

Further, it is elementary that the necessary prerequisite to settlement is agreement as to what in fact was settled. In this case there is ambiguity as to what the commissioners' award actually included.

The commissioners' award seemed to include damage for the land and consequential damages for adjoining land. The petition was brought simply "to acquire certain parcels of land in said City which are hereinafter described." The order appointing commissioners instructs the commissioners to "report the amount of damages which shall be sustained by the owner of said lands on account of such taking thereof with all the powers and duties conferred by law upon them." The report of the commis-

sioners again describes the lands taken, states that the commissioners had met and viewed the premises and finds damages in the amount of $1,500, but then goes on to say that the award was made after consideration of "all damages whatever as may have been sustained by the defendants and each of them, not only as to property actually taken in the proceedings, but also as to other property or properties owned by the defendants, and each of them, as is affected by said taking but not actually taken in this proceedings."

The certificate of attorney for plaintiff states that the necessity of acquiring interests was "for public purposes, to-wit: construction of an outfall structure adjacent to the southwest beach line of Sullivan Lake to regulate the flow of water from Sullivan Lake; to provide stable water level elevation control in the lake at its natural ordinary high water level and to allow accumulation of an adequate supply of water to protect lower lying properties during heavy rainfalls, in certain hereinafter described lands * * *." Yet there are references throughout the record that the purpose of the condemnation was to install storm sewers. Therefore, there appears to be considerable ambiguity or uncertainty in the record as to what was actually settled. In the absence of dictation of the agreement to the court reporter and in the absence of a written stipulation, it is not clear whether the settlement was for the installation of storm sewers or for lake-level devices, or for both. Since there is doubt as to what in fact was settled, we find that there was no settlement.

In serving the certificate of attorney the city made no effort to serve the attorneys of record in the second lawsuit, but rather attempted to and did serve the landowner alone. It would appear that the district court was not made aware of all these facts at the time it approved the certificate. Defendant claims that the trial judge refused to allow its counsel to make arguments based on these facts. We feel there was some duty on the part of the attorney for plaintiff as well to make all these facts known to the court. Trials of lawsuits are not merely games to be played

by ordinary rules. Attorneys for all litigants have an interest in the accomplishment of substantial justice regardless of the fact that each represents a client. The court should be not misled by not being told what the outcome of its decision might be. We do not know, nor is it our function to determine, whether defendant here has a proper cause of action for damages, or whether it will collect damages in excess of $1,500, which was the amount of the original commissioners' award here; but we do feel defendant is entitled to its day in court. We are dealing here with the constitutional taking of private property and that taking should not be concluded without due process of law.

We reverse and remand to the district court with instructions to enter an order placing this matter on the calendar for early trial de novo before a jury. On proper motion made by either party, the second lawsuit pending could be consolidated with this and tried in one action.

Reversed and remanded.