In re the Marriage of Alexander
NAZARENKO, petitioner,
Respondent,

v.

Colleen Rae MADER, Appellant.

No. C6-84-1730.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Robert G. Share, Minneapolis, for respondent.

M. Sue Wilson, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Colleen (Nazarenko) Mader appeals from the order of the trial court confirming an order of a family court referee. In the orders, appellant was barred by the statute of limitations from seeking a money judgment on a judgment and decree signed in 1973.

## FACTS

Appellant and respondent were divorced pursuant to a judgment and decree entered by the Hennepin County District Court on April 22, 1969. The judgment was partially based upon a stipulation of the parties that respondent would repay a debt of $45,000 to appellant over a four year period. Respondent did not repay the debt as provided in the decree but he made irregular but frequent payments from June 15, 1969 to October 7, 1983. In March, 1984, appellant brought a motion seeking judgment against respondent for the amount owing plus accrued interest.

By order dated May 21, 1984, a family court referee ordered that appellant's motion to award judgment was denied based on the statute of limitations contained in Minn.Stat. §§ 541.04, 550.01, 548.09, subd. 1. He further ordered that, even if the statute of limitations did not bar the motion, the doctrine of laches would bar recovery.

On review, the district court affirmed the referee's order on the statute of limitations. However, it did not reach the question of whether laches was available to respondent as a defense.

## ISSUE

Was the determination of the trial court that appellant was barred by the statute of

limitations from seeking a money judgment erroneous?

## ANALYSIS

Appellant argues that, because the judgment and decree's provisions requiring repayment of the loan were not reduced to a money judgment, the ten-year statute of limitations does not apply. In finding against that position, the trial court was correct in relying on *Dent v. Casaga,* 296 Minn. 292, 208 N.W.2d 734 (1973). In *Dent,* the Minnesota Supreme Court held that a judgment of divorce providing for support payments in the future was a final judgment. We agree that this judgment and decree specifying repayment of a loan is also a final judgment. In *Dent,* the Supreme Court stated that a party may seek enforcement of only those support payments which accrue within ten years from the date of the commencement of the action.

Although we note that the instant case involves a repayment schedule on a debt rather than a child support obligation as in *Dent,* the result is the same. There is no reason to prefer debt payments over child support payments and, in fact, the preference should be the opposite.

Appellant here argues that respondent should be barred from asserting a statute of limitations defense. Contrary to appellant's assertion, partial payments did not toll the ten-year statute of limitations or revive the judgment. *Olson v. Dahl,* 99 Minn. 433, 109 N.W. 1001 (1906). Nor did the payments create a new obligation. *Olson v. Dahl. See* 24 Minn.Law Review 660.

Although respondent acknowledged his continuing obligation by continuing his payments and appellant will now lose a substantial sum of money (the entire principal and additional interest) we cannot extend the period of limitations. Appellant was aware that her ex-husband was far behind in his loan payments and yet she slept on her rights and did not seek any enforcement of the judgment and decree until the payments stopped completely, more than 11 years after the debt was to have been totally repaid and 15 years after the judgment and decree.

## DECISION

Appellant's claim in 1984 for enforcement of a provision of a judgment and decree ordering in 1969 that respondent repay a debt to appellant by March of 1973 was barred by the ten-year statute of limitations contained in Minn.Stat. §§ 541.04, 550.01, 548.09, subd. 1.

The order of the trial court is affirmed.