374 N.W.2d 525 (1985)
S.G.K., Petitioner, Appellant,
v.
K.S.K., n.k.a. K.S.D., Respondent.
No. C3-85-674.
Court of Appeals of Minnesota.
September 24, 1985.
*526 Fred A. Reiter, Minneapolis, for appellant.
Mary Alice C. Richardson, Rochester, for respondent.
Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

OPINION
SEDGWICK, Judge.
This appeal is from an amended judgment. The trial court restricted appellant's visitation with his daughter, ordered him to pay his daughter's medical bills, and ordered payment of $2,809.25 for arrearages in child support, attorney's fees and the property settlement ordered under a 1976 and 1979 amended judgment. The trial court also ordered $5,250 retroactive child support for June 1, 1982 to September 1, 1983, and $500 in attorney's fees. We affirm in part and reverse in part.

FACTS
Appellant father and respondent mother were divorced in 1976. Mother was granted custody of their two children, a son, S.K., now 17, and a daughter, A.K., now 12. Father was ordered to pay $30 per week support for each child and maintain medical insurance for the children unless mother could obtain insurance through her employer without cost.
In November 1978 father moved for a change of custody of the children. Mother remarried and S.K. preferred to live with his father. An amended judgment was entered in October of 1979 which retained custody of the children with mother, subject to specific visitation with father, and reserved the motion to change custody of S.K. to June of 1980 to determine if he still preferred to live with his father.
In June of 1980 another amended judgment transferred permanent custody of S.K. to father, and ordered child support obligations cease effective July 1, 1980.
In May 1982 mother alleged that father sexually abused their daughter A.K. and one of her friends and moved to deny father visitation with A.K., grant her custody of S.K., and requesting child support.
The trial court stopped father's visitation with A.K. and directed temporary custody of S.K. be transferred to the McLeod Department of Social Services, which had authority to place him with his mother or in foster care.
In June 1982 father was charged with two counts of criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342(a) (1982). The criminal complaint alleged father engaged in sexual penetration of his eight-year-old daughter A.K. and a nine-year-old girl, J.H. Pursuant to a plea agreement father pled guilty to an amended count of intrafamilial sexual abuse in the second degree in violation of Minn.Stat. § 609.3642. On February 25, 1983 imposition of sentence was stayed and father was placed on probation for five years on condition he complete a treatment program.
In March 1984 both parties made several motions concerning custody, visitation, child support and attorney's fees.
*527 The trial court appointed attorneys as guardians ad litem for each of the children. The guardian for A.K. was directed to contact all experts at Zumbro Valley Mental Health Center, the Olmsted County and McLeod County Department of Social Services, and the Harley Clinic of McLeod County and file written recommendations on whether father should be entitled to visit A.K.
At the hearing the parties agreed the judge could interview the children in chambers with their guardians ad litem but without counsel. Father reserved the right to make a motion pursuant to Minn.Stat. § 518.166 (1984) to be present and participate in an interview with the children in the event the court ruled against his visitation request.
Following the interview, the trial court advised counsel that he intended to enter an order granting mother's visitation with S.K., and granting father supervised visitation with A.K. Copies of the guardians' reports and recommendations were given to counsel. The trial court gave counsel ten days to file written comments or motions on the matter. Neither counsel requested an evidentiary hearing or an opportunity to cross examine the guardians, or voiced any objections to the trial court interviewing the children without the presence of counsel.
By order dated September 20, 1984 the trial court granted custody of S.K. to father subject to visitation by mother and custody of A.K. to mother subject to supervised visitation with father. Also, father was required to enter a sexual offender treatment program approved by the court prior to any consideration of unsupervised visitation. Father was ordered to pay $2,809.25 for arrearages in child support and attorney's fees and the unpaid portion of the property settlement. He was further ordered to pay $5,250 for child support for June 1, 1982 to September 1, 1983 when mother had custody of both children and to pay all medical bills incurred by mother on behalf of A.K. Neither party was to pay child support commencing September 1, 1983 and continuing until S.K. is 18.
This appeal is from the January 15, 1985 amended judgment entered pursuant to the September 20, 1984 order.

ISSUES
1. Were the trial court's restrictions on father's visitation with A.K. supported by the evidence?
2. Did the trial court err in ordering father pay all A.K.'s medical expenses?
3. Was there sufficient evidence for the trial court's award of $2,809.25 for arrearages in child support, attorney's fees and the property settlement?
4. Did the trial court err in ordering payment of $5,250 in child support for the period June 1, 1982 to September 1, 1983?
5. May father challenge the trial court's procedures when he failed to object to the procedures and declined to move for an evidentiary hearing or other affirmative relief?
6. Was the trial court's $500 award of attorney's fees to mother an abuse of discretion?

ANALYSIS

I.
Father alleges the trial court's requirement that his visitation with A.K. be supervised by the Olmsted County Department of Social Services, and that he be expected to enter an approved treatment program prior to consideration of unsupervised visitation is not supported by the evidence.
Visitation by the non-custodial parent is governed by Minn.Stat. § 518.175 (1984).
Minn.Stat. § 518.175, subd. 5, states a court may not restrict visitation rights unless it finds visitation is likely to endanger the child's physical or emotional health or impair emotional development. The important question in visitation disputes is what is in the best interest of the child. Clark v. Clark, 346 N.W.2d 383, 385 (Minn. *528 Ct.App.1984), pet. for rev. denied, (Minn. June 12, 1984).
The guardian for A.K. filed a comprehensive report and recommendation with the trial court based on her investigation and interviews with the experts at Zumbro Valley Mental Health Center, Olmsted and McLeod County Departments of Social Services, Sam R. Scholl, licensed psychologist for Harley Clinic of McLeod County who supervised father's treatment as a condition of his probation, and Dr. Daniel Broughton, of the Mayo Clinic, Department of Pediatrics. The report was served on both parties and each had an opportunity to comment or respond. Father neither objected to the court's use of the report nor requested an evidentiary hearing to cross-examine the guardian or the experts quoted in the report.
The report noted that two social workers and a doctor recommended that supervised visitation be initially established because it was essential for A.K.'s protection. The psychologist who treated father concurred. Dr. Broughton, a pediatrician on the Mayo Clinic Staff, concluded that visitation should always be supervised. He also felt that father's prior counseling appeared to have failed. He expressed a concern that father might "kidnap" A.K. in light of that happening in the past.
The trial court's restrictions on father's visitation with A.K. were reasonable and supported by sufficient evidence of danger to A.K.'s physical and emotional health.

II.
The trial court specified father was responsible for A.K.'s medical expenses incurred as a result of the sexual abuse therapy in Olmsted County which approximated $1,200. The fact that the $1,200 may have included some of S.K.'s medical expenses does not create error. The October 1979 judgment ordered father to pay one-half of all major medical expenses of the children not covered by insurance.
There was no abuse of discretion.

III.
There is sufficient evidence to support the trial court's award of $2,809.25 for arrearages in child support, attorney's fees, and the property settlement ordered under the 1976 judgment and 1979 amended judgment. Trial courts have broad discretion in determining child support matters and must be affirmed if their determination has a reasonable basis in fact. Taflin v. Taflin, 366 N.W.2d 315, 318 (Minn. Ct.App.1985) (citing DuBois v. DuBois, 335 N.W.2d 503, 507 (Minn.1983)).
There is no merit to father's claim that laches should preclude collection of child support arrearages, some of which are nine years old. Benedict v. Benedict, 361 N.W.2d 429, 432 (Minn.Ct.App.1985), held that the doctrine of laches did not preclude an action for support arrearages which was delayed seven years and explained:
The Minnesota Supreme Court has stated that judgments for support are considered final judgments, enforceable for the entire ten-year statute of limitations period. See Dent v. Casaga, 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973). Equitable defenses are not available in an action for support arrearages brought within the statutory limitation period.
Id. at 432 (citations omitted).

IV.
In a judgment dated June 1980 the trial court ordered that commencing July 1, 1980 neither party was responsible for any child support.
Paragraph 5 of the September 20, 1984 order states:
5. Petitioner may be and hereby is required to pay the sum of $5,250.00 for child support for the period June 1, 1982, to September 1, 1983, during the time period the respondent was supporting both minor children and the petitioner was not contributing any support. (The Court has determined that $350.00 per month is a reasonable child support figure *529 for the 15 months involved.) Said sum is due and payable within 90 days.
The $5,250 child support award is a retroactive modification of child support. Minn. Stat. § 518.64, subd. 2 (1984), prohibits retroactive modification unless the obligor has not substantially complied with a previous order. The trial court erred in making this retroactive order.

V.
We find no abuse of discretion in the trial court's award of $500 attorney's fees.
Mother is awarded $400 attorney's fees for this appeal.

DECISION
Supervised visitation between appellant and his daughter is supported by the evidence. The trial court did not err in ordering appellant to pay all of A.K.'s medical bills. There is sufficient evidence for the $2,809.25 arrearages in child support, attorney's fees, and property settlement. The trial court erred in retroactively ordering $5,250 in child support for June 1, 1982 to September 1, 1983. Appellant may not challenge the trial court's procedures when he failed to object or move for an evidentiary hearing on matters complained of. The trial court did not abuse its discretion in awarding $500 in attorney fees. Respondent is granted $400 attorney fees on this appeal.
Affirmed in part and reversed in part.