**Mary DOLLY, et al., Respondents,**

v.

**Dorothy M. NICHOLS, f.k.a. Dorothy Mammenga, Appellant.**

No. C3–85–2232.

Court of Appeals of Minnesota.

April 29, 1986.

Review Denied June 30, 1986.

Kurt D. Johnson, Gislason, Dosland, Hunter & Malecki, New Ulm, for respondents.

John R. Rodenberg, Berens, Rodenberg, O'Connor, Olson, Hinenthal, New Ulm, for appellant.

Heard, considered and decided by PARKER, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

This appeal is from a grant of summary judgment to respondents Mary Dolly and Charles Koch, who brought this action to quiet title to a piece of property located in Brown County, Minnesota. Appellant Dorothy Nichols (f.k.a. Dorothy Mammenga) contends the trial court erred in denying her a lien on the property based on a judgment and decree of dissolution awarding the property to her former husband. We agree and reverse.

## FACTS

On December 29, 1972, Dorothy Nichols' 22-year marriage to Victor J. Mammenga was dissolved. The judgment and decree of dissolution provided that Nichols was to quit-claim her interest in the parties' homestead to Mammenga. "[A]s and for her share thereof," Mammenga was to pay Nichols $13,000 as follows:

> $2000 within 30 days from the date of the decree of divorce and the balance to be paid in equal monthly installments, with simple interest at the rate of 5% per annum, over 10 years, with no right of prepayment. The balance that remains unpaid will be secured by a mortgage from [Mammenga] to [Nichols].

The judgment and decree was filed in the County Recorder's office on January 10, 1973. Although a mortgage deed for $11,000 had been drawn, it was never executed.

Nichols quit-claimed her interest in the homestead to Mammenga by deed expressly providing that it was "subject to the terms and conditions contained in [the judgment and decree of dissolution]." The deed was duly recorded on January 16, 1973.

Mammenga died September 23, 1980. In August 1984 the personal representative of his estate sold the property to respondents, who, after title search revealed the judgment, brought suit to declare that Nichols had no interest in the property. Nichols counterclaimed, alleging the judgment created a valid lien, and sought to have the property sold to satisfy it.

Respondents moved for summary judgment, and Nichols orally moved for summary judgment at the hearing. The trial court found that despite deeding her interest in the homestead to Mammenga, Nichols received neither money nor a mortgage to secure payment of this debt. The court concluded that Nichols had no interest in the property and that respondents were entitled to summary judgment as a matter

of law. Judgment was entered granting respondents quiet title to the property.

## ISSUE

Does the judgment and decree constitute a valid lien that is not entirely barred by the statute of limitations or doctrine of laches?

## DISCUSSION

Summary judgment entered pursuant to an order of the trial court is a final adjudication on the merits and is appealable. Minn.R.Civ.App.P. 103.03(a). On appeal we must determine (1) whether any issues of material fact exist, or (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328 (Minn.1979). The evidence must be viewed in the light most favorable to the one against whom summary judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

Nichols contends the judgment and decree and the express reservation in the quit-claim deed she granted to Mammenga constitute a valid lien on the property. The judgment and decree describes the property and prescribes the terms of payment; the quit-claim deed states it is subject to the terms of the divorce judgment and decree. Both documents were properly filed and duly recorded on the property.[1]

Minn.Stat. § 548.09, subd. 1 (1984), provides that "from the time of docketing," a judgment requiring the payment of money "is a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor." *Id.* A judgment lien was thus created on all property owned by Mammenga at the time this judgment and decree was docketed. Although homestead property is generally exempt from levy and execution, a party may waive his homestead rights or may be estopped from asserting them. *See Argonaut Insurance Co. v. Cooper*, 261 N.W.2d 743 (Minn.1978). The facts of this case give rise either to waiver or estoppel: Mammenga agreed he would pay Nichols $13,000 "as and for her share" of the property, and she quit-claimed her interest in the homestead in reliance on this promise. We hold that respondents, as privies to estate, are estopped to assert the homestead exemption when it is clear that the court awarded the homestead to one spouse and a specific sum of money to the other as compensation for his or her interest in that same homestead.

Respondents contend that even if Nichols has a valid lien on the property, it is barred by the statute of limitations. Divorce judgments are governed by the ten-year statute of limitations,[2] which provides that "[n]o action shall be maintained upon a judgment or decree * * * unless begun within ten years after the entry of such judgment." Minn.Stat. § 541.04 (1984); *see also Dent v. Casaga*, 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973); *Nazarenko v. Mader*, 362 N.W.2d 1, 2 (Minn.Ct.App. 1985).

At first glance, enforcement of this 1972 judgment is barred by the statute of limitations. However, if a judgment is payable in installments, only those installments falling due more than ten years prior or to commencement of suit are barred. *Ladd v. Martineau*, 205 Minn. 129, 133–34, 285 N.W. 281, 283 (1939); *Dent*, 296 Minn. 292, 208 N.W.2d 734. This suit, in which Nichols filed a counterclaim for enforcement of her lien, is considered to have been commenced when Nichols served her counterclaim on July 12, 1985. Thus, only those installments due more than ten years before that date are barred; any installments

1. Respondents admit they purchased the property with notice of Nichols' potential claim and agree they are not bona fide purchasers.

2. Appellant erroneously asserts that the 40-year statute of limitations in the Marketable Title Act applies. The Act, however, "does not extend the right to commence any action beyond the date at which such right would be extinguished by any other statute." Minn.Stat. § 541.023, subd. 3 (1984).

**264**

accruing from and after July 12, 1975, are still recoverable.

■ Respondents also claim that Nichols' lien is barred by the equitable doctrine of laches. Failure to assert a right or claim that, with the passage of time, causes prejudice to the other party may be barred by laches. *City of Columbia Heights v. John H. Glover House*, 300 Minn. 31, 35, 217 N.W.2d 764, 767 (1974) (citing *Wheeler v. Whitney*, 156 Minn. 362, 194 N.W. 777 (1923)). The trial court did not specifically address this issue, and we refuse to bar a claim otherwise valid under the statute of limitations. *Aronovitch v. Levy*, 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953) (generally, where "strictly legal rights are in controversy" and the action is governed by the statute of limitations, the doctrine of laches has no application).

Because we conclude that the judgment and decree constitutes a valid lien on the property, the trial court's grant of summary judgment to respondents is reversed. The matter is remanded to the trial court to determine which installments are not barred by the statute of limitations and the extent of Nichols' lien.

### DECISION

The trial court erred in granting respondents' motion for summary judgment and quieting title to the property because appellant has a valid lien which is not entirely barred by the statute of limitations.

Reversed and remanded.