In re the Marriage of Jeffrey W. **HEBEISEN**, Petitioner, Appellant,

v.

Jeanann L. **HEBEISEN**, Respondent.

No. C7–86–1756.

Court of Appeals of Minnesota.

March 3, 1987.

Deborah Dewalt, Michael Ormond, Minneapolis, for appellant.

Nancie R. Theissen, Anoka, for respondent.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## MEMORANDUM OPINION

LANSING, Judge

Jeffrey Hebeisen appeals the trial court's modification of child support and the refusal to forgive child support arrearages. We affirm.

## FACTS

Jeffrey and Jeanann Hebeisen are the parents of two children. In their 1976 dissolution decree, Jeanann Hebeisen received custody of both children and Jeffrey Hebeisen was required to pay monthly child support of $125 per child. In 1980 the parties stipulated that Jeanann Hebeisen could change the children's residence to Arizona, where she intended to move for health reasons. She agreed to pay the travel expenses for visitation. The decree was amended to reflect the stipulation.

In 1986 Jeanann Hebeisen brought a motion to increase child support and to collect arrearages for support of their daughter. Jeffrey Hebeisen denies there are arrearages because he claims the parties had an oral agreement that he would not pay child support for his daughter until his son, who returned to Minnesota to live with him, graduated from high school. Their son has now reached majority.

The trial court awarded Jeanann Hebeisen $3,000 in child support arrearages and increased future child support for their daughter to $433 per month, the amount specified under the guidelines based on Jeffrey Hebeisen's present salary.

## DECISION

### I

A child support agreement is subject to modification by the court, but until such modification has been ordered, the original decree is entitled to enforcement as originally entered. *Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973). Jeffrey Hebeisen did not attempt to amend the decree based on the claimed agreement. Jeanann Hebeisen denies that she agreed to waive her daughter's child support. The trial court did not abuse its discretion in refusing to forgive arrearages based on a disputed extrajudicial support modification. *See Taflin v. Taflin*, 366 N.W.2d 315, 319 (Minn.Ct.App.1985).

**422**

## II

The trial court's order included five pages of detailed findings and two pages of conclusions on the factors set out in Minn. Stat. §§ 518.551, subd. 5, and 518.64 (1984), governing child support payments and modifications.

The trial court examined and made findings on the financial resources and needs of both the custodial and noncustodial parents, as well as those of the child, of the increase in gross and net incomes of both the parties from the time of the original award to the present, and the increase in the cost of living and the increased educational and medical needs of the child. The court found that Jeffrey Hebeisen's gross monthly income had increased from $1,250 to $2,417, a rise of nearly 100 percent. His net monthly income was $1,732. Jeanann Hebeisen's income also increased from the amount received from AFDC to $1,004 in net monthly income as a receptionist.

The court found that the cost of living increased by 92 percent and that the needs of the child, while still usual and normal for a child her age, had substantially increased. The combination of the increased needs of the child, the relatively greater increase in earning capacity of Jeffrey Hebeisen, and the rise in the cost of living created a sufficient change of circumstances to make the terms of the original decree unreasonable and unfair.

Jeffrey Hebeisen claims that the findings are deficient under *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986), because they do not include non-cash contributions of insurance and do not accurately state the respective needs and resources of the parties.

We do not agree that the findings are insufficient. Jeffrey Hebeisen, whose present attorney did not represent him in the trial court, did not substantiate a non-cash life insurance contribution. Similarly, there was no evidence presented of additional resources of either party. The court made findings on the evidence which support the modification of child support and

adequately comply with the requirements of *Moylan.*

Affirmed.