**In re the Marriage of Jeanne B. COLLINS, Petitioner, Respondent,**

v.

**John B. COLLINS, Appellant.**

**No. C3–87–193.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

Jeff David Bagniefski, Ryan and Vander-heyden, Rochester, for respondent.

Roger E. Petersen, Petersen & Orwoll, Rochester, for appellant.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

John Collins appeals from the trial court's post-dissolution judgment awarding child support arrearages, modifying child support, and relieving Jeanne Collins from a stipulation requiring her to bring all future child support actions in the state of his residence. We affirm.

## FACTS

Pursuant to a 1975 Indiana dissolution decree incorporating the terms of their property settlement agreement, respondent Jeanne Collins was granted custody of the parties' two children, and appellant John Collins was ordered to pay $125 per month in child support. The decree also provided that John Collins would pay for four years of post-high school education for each of the children, as well as all their medical, dental and opthalmological care.

John Collins, a physician, subsequently moved to Rochester, Minnesota, where he is employed at the Mayo Clinic. His 1986 salary was $103,500. He remarried, adopted the two children of his present spouse, and fathered two more children. Jeanne Collins and the two children remain in Indiana.

In 1979 Jeanne Collins sought modification of child support in Indiana and was awarded an increase to $500 per month. Over the next 18 months John Collins' refusal to comply with the modification order resulted in a series of actions in both the Indiana and Minnesota courts. During this period, in May 1980, the Minnesota court awarded her $5,875 in arrearages, plus attorney's fees and costs. More important to this action, it also modified the child support award, ordering monthly payments of $200 for the remainder of 1980, $400 in 1981, and $500 onward from 1982. Still John Collins did not make payment, and a month later he was jailed in Indiana for willful contempt. He then made partial payment in return for release. In November 1980 he made full payment in return for a stipulation that Jeanne Collins bring all future child support actions in Minnesota. This stipulation was signed by the parties' attorneys in Indiana and accepted by the Indiana court.

Five years later, in October 1985, John Collins was again in arrears: this time he owed $1,175 in child support and $223 for the children's medical expenses. Jeanne Collins successfully moved the Indiana court for arrearages and a child support modification order increasing child support to $160 per week (roughly $690 per month).

When John Collins wrote to the Indiana court to remind it of the 1980 stipulation to bring all actions in Minnesota, Jeanne Collins moved to set the stipulation aside. The stipulation was stricken by the Indiana court in May 1985 following a hearing at which John Collins, although served, did not appear.

During the same period, Jeanne Collins sought relief from the Minnesota court, culminating in the judgment leading to this appeal. In pertinent part, she moved the Minnesota court for child support arrearages, modification of child support, and for an order entitling her to bring future child support actions in Indiana pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA).

The court awarded her $1,550 in child support arrearages, increased child support to $1,200 per month beginning July 1986, and ordered Jeanne Collins "relieved from further responsibility" under the stipulation to the forum. Except for a reduction in attorney's fees, John Collins' motion for amended findings was denied, and he appeals.

### ISSUES

1. Did the trial court err in awarding child support arrearages?

2. In measuring the change of circumstances for the purpose of modifying child support, did the trial court err in ignoring the 1985 Indiana modification?

3. Did the trial court abuse its discretion in increasing child support in accordance with the guidelines?

4. Did the trial court err in relieving Jeanne Collins from the venue stipulation?

### DISCUSSION

#### I

John Collins contends the trial court erred in awarding $1,550 in child support arrearages, claiming that Jeanne Collins agreed to reductions totaling this amount for periods when one or both of the children were staying with his family. A child support judgment is entitled to enforcement as originally entered until it is judicially modified. *See Dent v. Casaga,* 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973); *see also Peterson v. Peterson,* 365 N.W.2d 315, 320 (Minn.Ct.App.1985) (a party may be required to provide child support to another even while he has temporary physical custody); *Gordon v. Gordon,* 356 N.W.2d 436 (Minn.Ct.App.1984) (non-custodial parent required to continue paying child support even though the children were living with him). The trial court properly awarded Jeanne Collins $1,550 in child support arrearages, because the support judgment had not been judicially modified.

#### II

John Collins contends the trial court erred in modifying child support by measuring the change of circumstances from the 1980 modification. Although at trial all of his arguments addressed the change from 1980, he attempts to argue on appeal that the trial court should have measured the change from the 1985 Indiana modification. A party may not raise issues for the first time on appeal. *Morton v. Board of Commissioners of Ramsey County,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974). We note, however, that the 1985 Indiana modification was void; that court lacked subject matter jurisdiction due to its previous recognition of the stipulation to bring all child support actions in Minnesota.

#### III

John Collins contends the trial court abused its discretion by increasing his child support obligation to the guidelines figure by "totally disregarding" the fact that he was obligated to pay for each child's post-high school education. The trial court has broad discretion in child support matters. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). In order for this court to find an abuse of discretion, there must be a "clearly erroneous conclusion that is against logic and the facts on record." *Id.*

The statute in effect during this proceeding did not require the trial court to consider the post-high school education obligation. *See* Minn.Stat. § 518.17, subds. 4, 5 (1984).[1] The trial court, however, did in fact consider this factor, as evidenced by its 13–page memorandum which sets forth a thorough and clear analysis of each issue. The trial court found this factor to be unpersuasive in light of the principle that a child is entitled to enjoy the benefits of the increased income of both parents. *See Letourneau v. Letourneau,* 350 N.W.2d 476, 478 (Minn.Ct.App.1984).

---

1. This statute has since been repealed. *See* 1986 Minn.Laws ch. 406, § 9. Effective August 1, 1986, the appropriate factors to be considered along with the guidelines are contained in Minn.Stat. § 518.551, subd. 5(b). *See id.,* § 4. This statute also does not require consideration of a parent's obligation to pay for post-high school education.

## IV

Finally, John Collins contends the trial court erred in relieving Jeanne Collins from the Indiana stipulation requiring her to travel to Minnesota for all future child support actions. This argument is specious because the Indiana court had already stricken the stipulation at the time of the Minnesota order. John Collins was notified of the Indiana hearing, but did not attend.

## V

We award Jeanne Collins $400 in attorney's fees for this appeal on the basis of her need and the relative financial resources of the parties.

## DECISION

Affirmed.