**Myron D. MATHISON, Respondent,**

v.

**CLEARWATER COUNTY WELFARE DEPARTMENT, Appellant.**

**No. C5–87–583.**

Court of Appeals of Minnesota.

Sept. 29, 1987.

Myron D. Mathison, pro se.

James R. Wilson, Clearwater Co. Atty., Bagley, for appellant.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.*, with oral argument waived.

## OPINION

EDWARD D. MULALLY, Judge.

A default judgment was entered against respondent Myron Mathison in a paternity case, and he made payments pursuant to the judgment. After a blood test excluded respondent as the father, the complaint was dismissed and the judgment was vacated. Respondent then brought a conciliation court action to recover the payments which he made, and the court ruled in his favor. The appellant removed the cause to district court, which also found in respondent's favor. Clearwater County Welfare Department appeals. Respondent did not submit a brief, and this matter is proceeding pursuant to Minn.R.Civ.App.P. 142.03.

## FACTS

On January 5, 1981, Pammie Lou Tollefson gave birth to a child. The County of Clearwater and Tollefson began a paternity action, alleging that respondent was the father of the child. Respondent was served with the complaint in Alaska on September 3, 1981, but did not answer. The court entered a default judgment against him on October 12, 1981. He was adjudicated the father, and ordered to reimburse the county for expenses it incurred

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

on behalf of Tollefson and for child support. Respondent made some payments.

On January 26, 1985, the Clearwater County Welfare Department served respondent with an order to show cause as to why he should not be held in contempt for failure to make support payments. Respondent moved for an order for blood testing of himself, the mother, and the child. In a supporting affidavit, he stated he listened to the tape of the 1981 default hearing, and that no testimony was taken from Tollefson in support of the complaint. The resulting blood tests absolutely excluded respondent as a possible father of the child. The complaint to determine paternity was dismissed with prejudice on September 30, 1985, and the court vacated the judgment on October 7, 1985.

Respondent brought a conciliation court action against Clearwater County Welfare Department to recover the payments which he made pursuant to the judgment. The conciliation court entered judgment on August 4, 1986, in his favor, determining that since respondent was not the father it would be a miscarriage of justice to allow the county to retain the funds. The department removed the matter, and a hearing was held in district court.

At the hearing, respondent explained he was served while in Alaska, and that he did not have the money to come back. He testified he had called the child support officer, who said he would straighten the matter out with the court if he started to make payments. Respondent said that he lost his pick-up in order to make payments. He had asked his lawyer in Alaska about taking a blood test, but was advised it would be better to take it in Minnesota. The child support officer testified he had no notes in his file indicating he had talked with respondent in September 1981, but that respondent had talked with another person in the department in October 1981. In June 1982, respondent advised the child support officer that he would be late with a payment, and requested information about the child.

The district court ordered judgment in favor of respondent. The court concluded

it would be unjust to impose a legal duty of support in this case, and that the Clearwater County Welfare Department would be unjustly enriched if allowed to retain the payments made by respondent. Clearwater County Welfare Department appeals the decision to this court.

## ISSUE

Did the trial court properly order restitution for the respondent when the judgment under which respondent had made payments was vacated?

## ANALYSIS

Appellant argues that under *Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973), the child support obligation is enforceable unless and until modified. *Dent* is not controlling because it did not address payments made pursuant to a judgment which was subsequently vacated.

Appellant also argues that the vacation of the default judgment should be prospective only. It asserts that where respondent failed to make a timely answer to the paternity complaint and made the support payments voluntarily, it was inequitable to return the parties to their original positions.

"It is an accepted principle that money paid in obedience to a judgment that is later set aside must be repaid." *Alexander Hamilton Life Insurance Co. v. Lewis*, 550 S.W.2d 558, 559 (Ky.1977); *accord Aye v. Fix*, 626 P.2d 1259, 1263 (Mont. 1981); *In Re Marriage of Hardt*, 39 Wash. App. 493, 499, 693 P.2d 1386, 1390 (1985). The Restatement of Restitution § 74 (1937) provides:

A person who has conferred a benefit upon another in compliance with a judgment * * * is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final * * *.

*See Peck v. McLean*, 36 Minn. 228, 231, 30 N.W. 759, 761 (1886). Appellant made no showing of a change of circumstances which would make it inequitable to require

restitution. Restatement of Restitution § 142(1). The trial court did not abuse its discretion in deciding that under these facts respondent was entitled to restitution of the amount of money which he paid pursuant to the judgment, which was subsequently vacated.

## DECISION

The judgment of the trial court is affirmed.

Affirmed.