NATIONAL CITY BANK, Appellant,

v.

Judith M. ENGLER, Respondent.

Estate of Harold P. Engler, Defendant.

No. A09–837.

Court of Appeals of Minnesota.

Jan. 26, 2010.

---

Matthew J. Pfohl, Thomas B. Olson, Matthew H. Jones, Olson & Lucas, P.A., Edina, MN, for appellant.

Steven J. Lodge, Nash & Lodge, PLLP, Andover, MN, for respondent.

Considered and decided by
BJORKMAN, Presiding Judge;
KLAPHAKE, Judge; and HALBROOKS, Judge.

## OPINION

KLAPHAKE, Judge.

In this mortgage foreclosure action, appellant National City Bank argues that the district court erred when it determined that the mortgage on respondent Judith Engler's homestead was void ab initio because the mortgage was signed only by respondent's late husband, Harold Engler, and not by respondent.

Because the purpose of Minn.Stat. § 507.02, which seeks to protect the non-signing spouse's interest in the homestead from wrongful conveyance, was satisfied by respondent's waiver of homestead rights, we reverse.

## FACTS

Respondent and her late husband, Harold Engler, owned a homestead in joint tenancy subject to a mortgage. In 2004, the Englers refinanced their homestead with a $268,000 mortgage loan from First Franklin Financial Corporation (First Franklin). First Franklin assigned the loan to appellant in 2006. The Englers intended to use the mortgage loan to pay off the existing mortgage against the homestead and various debts, including Minnesota state taxes and property taxes, and some debts in respondent's name alone.

During the mortgage application process, respondent signed preliminary documents as a potential borrower. But at the closing, First Franklin asked that only Harold Engler sign the promissory note and the mortgage, although respondent was present. In the mortgage, both Harold Engler and respondent are identified as "borrowers" in the definition section, but on the signature page Harold Engler signed as "Borrower" and respondent signed as "Non–Borrower." Respondent's signature was further modified with language appearing below the signature line that stated "Signing solely for the purpose of waiving any and all Homestead Rights." This was done at First Franklin's request, and First Franklin drafted all the documents. It is not clear from the record why First Franklin decided to require Harold Engler alone to sign the mortgage and the promissory note, although there is a suggestion that respondent's credit history might have caused problems with eligibility for the loan.

Harold Engler died in February 2006. Respondent ceased making mortgage payments in April 2006 and appellant began foreclosure proceedings. After a court trial, the district court concluded that the mortgage was void as a matter of law and that appellant had failed to prove the requirements for reformation of the contract; further, the court declined to impose a constructive trust and denied appellant's request for equitable subrogation. This appeal followed.

## ISSUE

Did the district court err by determining that the mortgage is void under Minn.Stat. § 507.02?

## ANALYSIS

■ Under Minn.Stat. § 507.02, "[i]f the owner is married, no conveyance of the homestead, except a mortgage for purchase money under section 507.03 . . . shall be valid without the signatures of both spouses." A mortgage is defined as a conveyance. Minn.Stat. § 507.01 (2008). If a conveyance of a homestead is made without the signature of both spouses, the transaction is "not merely voidable but is void and the buyer acquires no rights whatsoever." *Dvorak v. Maring,* 285 N.W.2d 675, 677 (Minn.1979). The purpose of Minn.Stat. § 507.02 is to ensure "a secure homestead for families" by "protecting the alienation of the homestead without the willing signature of both spouses." *Wells Fargo Home Mortgage, Inc. v. Newton,* 646 N.W.2d 888, 895 (Minn.App.2002) (quotations omitted), *review denied* (Minn. Sept. 25, 2002). There is no dispute here that the mortgage was secured by a homestead; the mortgage was a conveyance; and the Englers were married.

The parties dispute whether respondent's signature immediately followed by "Non-borrower" constitutes a signature for the purposes of Minn.Stat. § 507.02. They also dispute the effect of her post-signature language restriction of "Signing solely for the purpose of waiving any and all Homestead Rights." They disagree about whether these modifications to her signature render the mortgage contract ambiguous and susceptible to interpretation through extrinsic evidence. The district court concluded that the contract was not ambiguous.

■ We review contract interpretation as a matter of law. *Travertine Corp. v. Lexington–Silverwood,* 683 N.W.2d 267, 271 (Minn.2004). When a contractual provision is clear and unambiguous, based on the plain language of the contract, courts may not rewrite, modify, or limit the effect of the contract by "strained construction." *Id.* The court must "construe a contract as a whole and attempt to harmonize all clauses of the contract." *Chergosky v. Crosstown Bell, Inc.,* 463 N.W.2d 522, 525 (Minn.1990).

■ We agree with the district court that the mortgage presents an unambiguous contract. Despite the reference in the definition section to respondent as "borrower," the signature line in which she is clearly denominated as "non-borrower" is controlling.

> Where there is an apparent conflict between two clauses or provisions of a contract, it is the court's duty to find harmony between them and to reconcile them if possible. Apparent conflicts between clauses will be resolved by giving full effect to principal and more important clauses and subordinating thereto those of minor importance.

*Advantage Consulting Group, Ltd. v. ADT Sec. Sys., Inc.,* 306 F.3d 582, 586 (8th Cir.2002) (interpreting Minnesota law; quotations omitted). The more general definition section is less important than the specific signature modification. We can infer the intent of the parties in the plain language of the contract: respondent was not a borrower and respondent did not sign the promissory note, which is part of the contract. But this does not end our inquiry because the phrase "Signing solely for the purpose of waiving any and all Homestead Rights" must also be construed.

The district court essentially dismissed this phrase as meaningless, concluding that "it does not reflect her willingness to grant the mortgage or an objective willingness to convey the homestead on the occurrence of a particular condition, i.e. the nonperformance of the underlying obligation." We disagree.

■ The homestead exemption is set forth in Minn.Stat. § 510.01 (2008), which states that the homestead shall be "exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants." The homestead exemption does not extend to a lawfully obtained mortgage, valid tax liens or assessments, or certain other liens. Minn. Stat. § 510.05 (2008). The homestead exemption may be waived. *Argonaut Ins. Co. v. Cooper,* 261 N.W.2d 743, 744 (Minn. 1978); *Dolly v. Nichols,* 386 N.W.2d 261, 263 (Minn.App.1986), *review denied* (Minn. June 30, 1986).

■ A party who waives the homestead exemption waives the right to be exempt from seizure or sale of the homestead under Minn.Stat. § 510.01. A party who waives all homestead rights arguably also waives the protection of Minn.Stat. § 507.02, that one spouse may not convey the homestead without the signature of the other spouse. The purpose of Minn. Stat. § 507.02 is, after all, to ensure "a secure homestead for families" by "protecting the alienation of the homestead without the willing signature of both spouses." *Newton,* 646 N.W.2d at 895 (quotations omitted). The language here limiting respondent's signature is meaningless unless respondent was waiving some sort of right.

When construing a contract, we must interpret it to give all provisions meaning. *Current Tech. Concepts v. Irie Enters.,* 530 N.W.2d 539, 543 (Minn.1995). We cannot simply ignore the signature-modifying language. We conclude that all provisions of this contract can be harmonized: Harold Engler signed the promissory note and mortgage conveying the homestead, and respondent acquiesced in this conveyance by waiving her homestead rights under Minn.Stat. §§ 507.02 and 510.01.[1]

In *Dvorak,* the supreme court determined that a mortgage void under Minn. Stat. § 507.02 could not be cured by later ratification of the mortgage by the non-signing spouse. *Dvorak,* 285 N.W.2d at 677. This is not the case here. Respondent consented to, had full knowledge of, and retained the benefits of the transaction. *See id.* (opining that a non-signing spouse who consents to a transaction with full knowledge, retains benefits, and delivers possession to a grantee should be estopped from denying the conveyance). The purpose of Minn.Stat. § 507.02, which is to protect the non-signing spouse from an unknowing conveyance of his or her interest in the homestead, has been satisfied by respondent's waiver of homestead rights.

## DECISION

■ Although a mortgage conveyance of a homestead is generally void under Minn.Stat. § 507.02 if both spouses do not sign the conveyance, when the non-signing spouse actively and knowingly participates in the transaction and waives his or her homestead rights, the purpose of the statute is fulfilled and the mortgage may be enforced.

**Reversed.**

1. This court recently issued an opinion reaffirming the basic proposition that a mortgage not signed by both spouses is void under Minn.Stat. § 507.02. *Gores v. Schultz,* 777 N.W.2d 522 (Minn.App.2009). Significantly, *Gores* did not involve a waiver of homestead rights.