Audrey J. BEDNAREK, Lower Court Petitioner, Ramsey County, Appellant,

v.

Gerald A. BEDNAREK, Respondent.

No. CX–88–749.

Court of Appeals of Minnesota.

Oct. 4, 1988.

Tom Foley, Ramsey Co. Atty., Kristi Swanson Wendorff, Asst. Co. Atty., St. Paul, for appellant.

Albert V. Rosenbower, Minneapolis, for respondent.

Heard, considered and decided by FORSBERG, P.J., and RANDALL and LOMMEN, JJ.*

## OPINION

RANDALL, Judge.

In a motion filed July 22, 1987, respondent Gerald Bednarek moved to terminate his child support obligation. In September 28, 1987, the county moved for a judgment for child support arrearages of $3603.88. The trial court granted respondent's motion to terminate child support obligations, and denied the county's motion for judgment for arrearages on the grounds that the amount of child support respondent had paid exceeded his legal obligation because part of the obligation was older than ten years. Audrey Bednarek, through Ramsey County, appeals. We affirm in part and reverse in part.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

In November 1970 Audrey and Gerald Bednarek's marriage was dissolved pursuant to a stipulation. Respondent was ordered to pay child support for the parties' two children. The stipulation provided that respondent's child support obligation should continue "until both children shall attain the age of twenty-one (21), become self-supporting, marry or die." The decree, dated November 2, 1970, incorporated the language of the stipulation.

Appellant Audrey Bednarek received aid to families with dependent children, and assigned her right to receive child support to Ramsey County for the period from May 1968 through February 1979, from May 1979 through July 1980. In April 1986, the younger of her two children, Jhonene, gave birth to a baby. At the end of September 1986, Jhonene moved out of appellant's house, and is now receiving AFDC and aid from the child's father in her own name. The parties' older child reached age 21 in September 1987. Because of Jhonene's age and the fact that she had been living outside appellant's home, she was no longer entitled to support payments from respondent under the agreement.

In his motion filed July 22, 1987, respondent sought to terminate his obligation to support Jhonene. In its motion filed September 25, 1987, Ramsey County sought judgment against respondent for child support arrearages in the amount of $3,603.88 plus interest. An affidavit in support of the motion set out the following figures:

| | | |
|---|---|---|
| 1970 | ($55.00) | arrears |
| 1971 | $120.00 | credit |
| 1972 | ($125.00) | arrears |
| 1973 | ($325.00) | arrears |
| 1974 | ($800.00) | arrears |
| 1975 | ($799.86) | arrears |
| 1976 | ($575.00) | arrears |
| 1977 | ($545.00) | arrears |
| 1978 | ($1190.00) | arrears |
| 1979 | ($1240.00) | arrears |
| 1980 | ($380.00) | arrears |
| 1983 | $620.00 | tax intercept |
| 1984 | $698.00 | tax intercept |
| 1985 | $307.14 | tax intercept |
| 1986 | $644.84 | tax intercept |
| 1987 | $41.00 | tax intercept |

It is Ramsey County's policy that tax intercepts[1] are applied to the oldest arrearages first. The 1983 tax intercept applied to the arrearages from 1970 to 1974; the 1984 tax intercept applied to arrearages from 1974 to 1975; the 1985 tax intercept applied to the 1975 arrearage; the 1986 tax intercept applied to the arrearages from 1975 to 1976; and the 1987 tax intercept applied to the 1976 arrearage.

The motions were heard before a referee, who found, inter alia, that Jhonene became self supporting on October 1, 1986; that the request for judgment for arrearages was limited by the ten-year statute of limitations, and that "from the information submitted by Ramsey County, the Court is unable to determine how the payments were applied to arrearages or exactly when the payments were made." The referee further found that the payments respondent made exceeded the amounts due for all periods since October 1977, the earliest date, according to the referee, not barred by the statute of limitations. The trial court confirmed the findings of fact and conclusions of the referee.

## ISSUES

1. Did the trial court err by holding that appellant could not recover child support arrearages older than 10 years because an action for arrearages accrued prior to 1977 was barred by the ten-year statute of limitations on judgments under Minn.Stat. § 541.04?

2. Did the trial court err by retroactively modifying child support in violation of Minn.Stat. § 518.64, subd. 2?

## ANALYSIS

### I

*Statute of Limitations*

Appellant claims the trial court erred by holding the ten-year statute of limitations required application of the intercepted tax refunds to only those arrearages accrued after 1977.

The statute of limitations in question, Minn.Stat. § 541.04, bars *actions* for child support arrearages that are more than ten years old. *See Dent v. Casaga,* 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973); Minn. Stat. § 541.04.

Respondent contends that the interception of tax refunds is the same thing, legally, as an action upon a judgment. We find it is not. Minn.Stat. § 270A.01–.12 provides that an agency responsible for child support enforcement may intercept a tax refund. This remedy is an addition to, but not a substitution for, other remedies available at law. The interception of tax refunds is available unless:

> (a) an alternative means of collection is pending and believed to be adequate, (b) the collection attempt would result in a loss of federal funds, or (c) the agency is unable to supply the department with the necessary identifying information required by subdivision 3 or rules promulgated by the commissioner, or (d) the debt is barred by section 541.05.

Minn.Stat. § 270A.04, subd. 2 (1986). Minn.Stat. § 541.05 (1986) provides for a six-year statute of limitations. Minn.Stat. § 270A.04 specifies only that this statute of limitations may act as a bar to the remedy. Section 541.04 is not excluded by name in § 270A.04, subd. 2. Since the legislature specifically excluded debts barred by § 541.05, it cannot be assumed that they included debts barred by other unnamed statutes.[2]

If tax intercept is not barred by the legislature, then it is not barred by the wording of the statute of limitations itself, because a statute of limitations affects the remedy, not the right. *State v. Kaml,* 181 Minn. 523, 527, 233 N.W. 802, 804 (1930).

1. A "tax intercept" is the process by which state tax refunds are intercepted by the county and applied to pay off child support arrearages. *See* Minn.Stat. § 270A.01–.12 (1986).

2. A maxim of statutory interpretation holds that the expression of one thing is the exclusion of another, and the statutory specification of an exception to a general rule excludes other exceptions not noted. *Expressio unius est exclusio alterius,* Black's Law Dictionary 521 (5th ed. 1979).

This issue was addressed in a recent North Dakota case, *Guthmiller v. Department of Human Services*, 421 N.W.2d 469 (N.D.1988). In *Guthmiller*, the North Dakota Supreme Court held that although a six-year statute of limitations barred an action under the Uniform Reciprocal Enforcement of Support Act (URESA), that statute of limitations *did not bar a tax intercept procedure* commenced by an administrative agency. *Id.* at 473. The *Guthmiller* court held that the statute of limitations did not apply because the statute of limitations required that an action be commenced within six years, and the definition of "action," "an ordinary proceeding in a court of justice," did not include administrative proceedings conducted before the agency. *Id.* at 471.

A federal court has also found that tax intercepts are not barred by expiration of a statute of limitations. *Gerrard v. United States Office of Education*, 656 F.Supp. 570, 574–75 (N.D.Cal.1987). The *Gerrard* court found that 28 U.S.C.A. § 2415(a), which cuts off the remedy of a civil action on a debt brought by the government, leaves open many other means of enforcing the government's right. *Gerrard*, 656 F.Supp. at 475. The court determined that the statute of limitations did not bar offset to recover delinquent student loan payments. *Id.*

We find persuasive the reasoning in *Guthmiller* and *Gerard*. By its own terms, the statute of limitations here applies only to "actions." Minn.Stat. § 541.01 (1986). An action is "any proceeding in any court of this state." Minn.Stat. § 645.45(2) (1986). Nonjudicial relief is thus not necessarily barred by operation of the statute of limitations. *See Har–Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 155, 218 N.W.2d 751, 755 (1974) (holding that Minn.Stat. § 541.05(1) did not bar arbitration of claim that would have been barred had it been asserted in a court action).

█ We hold the ten-year statute of limitations barring court actions on judgments does not apply to bar the administrative remedy of intercepting an obligor's tax re-

fund to satisfy arrearages previously validly established. The trial court erred by finding that the ten-year statute of limitations applied, and thus reducing the amount respondent owed by all arrearages older than ten years.

## II

### *Retroactive termination of support*

█ Appellant contends that the trial court erred by retroactively modifying support in violation of Minn.Stat. § 518.64, subd. 2. Under this recent amendment,

A modification which decreases support or maintenance may be made retroactive only with respect to any period during which the support obligor has pending a motion for modification but only from the date that notice of the motion has been given to the obligee and to the court or other entity which issued each support order.

Minn.Stat. § 518.64, subd. 2.

Appellant argues that the trial court's termination of respondent's support obligation constituted an improper modification of support. We disagree.

Here, the decree expressly provided for the termination of the support obligation if a minor child became self sufficient. Appellant does not dispute that Jhonene became sufficient. Respondent's obligation to make child support payments ceased when Jhonene moved out of appellant's home and started to receive AFDC and aid from the father of her child. *See King v. Braden*, 418 N.W.2d 739 (Minn.Ct.App. 1988) (child support obligation ceased upon court order that child, who had moved into own home with her children, was emancipated).

The trial court's order terminating respondent's child support obligation as to Jhonene was not a modification of the original child support order. It merely gave effect to the plain provision in the original order providing for termination of child support upon self-sufficiency of a minor. We find the trial court properly terminated respondent's obligation for child support as to the emancipated minor.

## DECISION

The trial court erred by holding that Minn.Stat. § 541.04 barred the interception of tax refunds for child support arrearages older than ten years.

The trial court did not retroactively modify appellant's child support obligation in contravention to Minn.Stat. § 518.64, subd. 2, where the child support obligation had ceased under the terms of the original decree.

AFFIRMED IN PART AND REVERSED IN PART.