**Patsy L. GOPLEN, William W. Morse, Respondents,**

v.

**OLMSTED COUNTY SUPPORT AND RECOVERY UNIT, Appellant.**

No. C4–99–1679.

Court of Appeals of Minnesota.

May 23, 2000.

Patsy L. Goplen, Kasson (pro se respondent).

William W. Morse, Rochester (pro se respondent).

Raymond F. Schmitz, Olmsted County Attorney, Julie S. Voigt, Assistant County Attorney, Rochester (for appellant).

Considered and decided by HALBROOKS, Presiding Judge, AMUNDSON, Judge, and WILLIS, Judge.

## OPINION

AMUNDSON, Judge.

Appellant Olmsted County Support and Recovery Unit (Olmsted County) challenges an order requiring that it institute income withholding against respondent Patsy Goplen, the former custodial parent of an emancipated child, in order to recover child support overpayments made to Goplen by respondent William Morse.[1] We reverse and vacate the order.

## FACTS

Patsy Goplen and William Morse are the parents of S.G., who was born on June 25, 1979. Morse's paternity was established by an order dated March 12, 1981. The 1981 order awarded custody to Goplen and required Morse to make monthly child support payments through the Olmsted County Support and Recovery Unit. Under

---

1. Although respondents Goplen and Morse are named parties in the underlying action, Olmsted County is the only party appearing on appeal.

the order, child support payments were to continue until S.G. reached the age of 18 or until further order of the court. Over the years, the court issued subsequent orders adjusting the amount of Morse's child support obligation, judging him in arrears for past-due support, and ordering income withholding.

S.G. turned 18 on June 25, 1997, but Morse continued to make child support payments until January 1, 1999, when Olmsted County notified the parties that it had discontinued income withholding against him. Morse then filed a petition seeking reimbursement from Goplen for child support overpayments made after June 25, 1997. Following a hearing on his motion, a child support magistrate [2] determined that under the terms of the original 1981 order, Morse's child support obligation ceased when S.G. reached age 18. After offsetting for arrearages Morse still owed as of June 25, 1997, the magistrate found that Goplen had received $4,268.28 in overpayments. The magistrate ordered that Olmsted County institute income withholding against Goplen's wages in the amount of $35.20 per month until the overpayment amount was reduced to zero.

Olmsted County moved to amend the findings, conclusions, and order, arguing that the child support enforcement statutes did not authorize the recovery of overpayments through income withholding against an obligee parent's wages. The magistrate denied the motion on August 20, 1999, and this appeal followed.

## ISSUE

Did the magistrate err by ordering a public authority to institute income withholding against an obligee parent in order to recover child support overpayments following termination of the underlying child support obligation?

**2.** Under 1999 legislation, references to an "administrative law judge" changed to a "child support magistrate" throughout the

## ANALYSIS

■ Olmsted County argues that the magistrate based its order on an erroneous interpretation of the governing statutory authority. Statutory construction is a question of law and thus fully reviewable by this court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ Olmsted County does not dispute that Morse is entitled to recover his excess child support payments from Goplen. The sole question on appeal is whether the magistrate can require Olmsted County to institute income-withholding procedures against Goplen to recover the overpayment.

The magistrate based its authority to order withholding of Goplen's income on the provisions of Minn.Stat. §§ 518.642 (1998) and 518.6195(a) (1998). Olmsted County argues that neither statute empowers a public authority to institute income withholding in order to recover child support overpayments. We agree.

Section 518.642 specifically addresses overpayments of child support. The statute directs a public authority such as Olmsted County to recover overpayments by first reducing an obligor's outstanding arrearages by the amount of the overpayment. Minn.Stat. § 518.642(1). If any overpayment remains, the public authority must then reduce the amount of child support paid to the obligee by no more than twenty percent and remit the excess to the obligor until the overpayment is reduced to zero. Minn.Stat. § 518.642(2). The statute does not address the situation presented in this case, where no arrearages or future monthly child support obligations remain against which overpayments may be offset.

■ Minn.Stat. § 518.6195, which is subtitled "Collection; arrears only," similarly does not address the collection of

dissolution and support statutes. *See* 1999 Minn. Laws ch. 196, art. 2.

overpayments from obligees under the circumstances presented here. Rather, it provides.

> Remedies available for the collection and enforcement of support * * * apply to cases in which the child or children for whom support is owed are emancipated and the obligor owes past support or has an accumulated arrearages as of the date of the youngest child's emancipation.

Minn.Stat. § 518.6195(a). By its terms, the statute only applies to the survival of remedies for the collection of arrearages owed by an obligor. The statute does not apply to the recovery of child support overpayments from an obligee parent under Minn.Stat. § 518.642. Under the doctrine of ejusdem generis, the general wording of a statute must be interpreted to include only matters of the same kind or class as those specifically enumerated, *State v. End*, 232 Minn. 266, 272, 45 N.W.2d 378, 381 (1950), in this case, the collection of arrears. Here, the doctrine forbids use of the statutory method of recovering overpayments.

█ Moreover, even if Minn.Stat. § 518.6195(a) did apply to collection remedies available against an obligee parent, it could not justify the magistrate's order, which essentially provides a remedy to Morse that does not exist under the statute. This result is inconsistent with the well-established rule that "[w]here a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." *Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944). In interpreting statutes, a court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971).

The magistrate reasoned that because a public authority may recover overpayments by reducing current child support payments to an obligee by up to 20 percent under section 518.642(2), it may institute income withholding against an obligee in an equivalent amount if the support obligation has terminated. But no authority exists for Olmsted County to institute income withholding against an *obligee's* wages, either before or after a child's emancipation. The support statutes only provide for income withholding against an *obligor*, and section 518.642 only permits recovery of overpayments from an obligee by offsetting arrearages or reducing child support payments.

The provisions relied on by the magistrate do not empower Olmsted County to recover child support overpayments by withholding income from an obligee parent, and our review of the relevant statutes reveals no alternative ground on which the order can be affirmed.

## DECISION

The magistrate erred by ordering Olmsted County to institute income withholding against respondent Patty Goplen in order to recover child support overpayments.

**Reversed; order vacated.**