In re the Marriage of Darlene
GERBER, petitioner,
Respondent,

v.

John Truman GERBER, Appellant,

and

County of Anoka, intervenor,
Respondent.

No. A04–1538.

Court of Appeals of Minnesota.

April 12, 2005.

Darlene Gerber, k/n/a Darlene Nelson, Anoka, MN, *pro se* respondent.

Robert A. Howard, Hicken, Scott & Howard, P.A., Anoka, MN, for appellant.

Robert M.A. Johnson, Anoka County Attorney, Kay M. Gavinski, Assistant Anoka County Attorney, Anoka County Government Center, Anoka, MN, for respondent Anoka County.

Considered and decided by WILLIS, Presiding Judge; STONEBURNER, Judge; and PORITSKY, Judge.*

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

STONEBURNER, Judge.

Appellant John Truman Gerber challenges the child-support magistrate's decision that Anoka County may continue to use wage withholding to collect child-support arrearages under an expired judgment. Because wage withholding is a remedy dependent on a valid judgment of the court, we conclude that it is a judicial remedy, and Minn.Stat. § 541.04 (2004), bars application of wage withholding to an expired judgment.

## FACTS

A dissolution judgment entered February 12, 1982, dissolved the marriage of appellant and respondent Darlene Gerber. The judgment required appellant to pay child support in the amount of $900 per month for support of the parties' five children and further required appellant's employer to withhold child support from appellant's wages and forward the amount directly to respondent Anoka County Social Services, which in turn, was required to forward the child support to respondent Darlene Gerber.

The parties' youngest child was emancipated in 1993. By judgment entered September 13, 1993, Darlene Gerber was awarded $94,850 for unpaid child support. This judgment was never renewed. In May 2004, appellant moved to terminate wage withholding and for reimbursement for amounts collected after September 13, 2003, on the ground that the September 13, 1993 judgment expired and was unenforceable after September 13, 2003.[1] Respondent Anoka County intervened and opposed the motion to terminate wage

1. Appellant also moved to stop the accrual of interest on the child-support debt, and the child-support magistrate granted this motion.

withholding. A child-support magistrate heard the motion and found that appellant's ongoing child-support obligation terminated when the youngest child was emancipated on June 20, 1993. The CSM also found that respondent obtained a judgment for child-support arrearages on September 13, 1993, which expired on September 13, 2003, and was not renewed. But the CSM concluded that wage withholding "is an administrative remedy, not a judicial remedy, that remains in place regardless of the date of the entry of the Judgment and Decree." This appeal followed.

## ISSUE

Does the remedy of wage withholding to collect child support or child-support arrearages survive the expiration of the judgment establishing the support obligation or arrearages?

## ANALYSIS

### I. Standard of review

 On appeal from a child-support magistrate's ruling, the standard of review is the same as it would be if the decision had been made by a district court. *Ludwigson v. Ludwigson,* 642 N.W.2d 441, 445–46 (Minn.App.2002). The construction and applicability of a statute of limitation is a question of law, which we review de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998).

### II. Wage withholding is a judicial remedy

 Minn.Stat. § 518.6111, subd. 3 (2004), provides that "[e]very support order must address income withholding. Whenever a support order is initially entered or modified, the full amount of the support order must be subject to income withholding from the income of the obli-

gor." At the time the judgment in this case was entered, a wage-withholding provision was not mandatory but was available on request of the obligee or the public authority. Minn.Stat. § 518.611, subd. 1 (Supp.1981). The parties do not dispute that wage withholding can be used to collect child-support arrearages, and Minn. Stat. § 518.6195(a) (2004), explicitly provides that remedies available for collection of child support also apply to cases in which the child or children are emancipated and the obligor has an arrearage as of the date of emancipation.

Respondent argues both that Minn.Stat. § 518.6195, provides authority for the collection of arrearages when the judgment has expired and that because wage withholding is an administrative remedy, it can continue even when the judgment for arrearages has expired. We find respondent's first argument to be without merit. Nothing in Minn.Stat. § 518.6195, negates application of the statute of limitations to remedies available for collection of child support or child-support arrearages. This court is prohibited from adding words to a statute and cannot supply that which the legislature purposely omits or inadvertently overlooks. *Goplen v. Olmsted County Support & Recovery Unit,* 610 N.W.2d 686, 689 (Minn.App.2000). Without language authorizing collection on an expired judgment, Minn.Stat. § 518.6195, does not authorize application of remedies for child-support collection to an expired judgment for child-support arrearages.

 Respondent's second argument, that the continued collection of arrearages is permissible following the expiration of a judgment because wage withholding is an administrative remedy, is a matter of first impression for this court. The CSM concluded that even though the current automatic wage-withholding laws did not apply at the time of the original judgment, wage

withholding is an administrative remedy available to collect child-support arrearages. The CSM relied on *Bednarek v. Bednarek*, 430 N.W.2d 9, 12 (Minn.App.1988), a case involving interception of an obligor's tax refund under the revenue recapture act. In *Bednarek*, this court held that "the ten-year statute of limitations barring court actions on judgments does not apply to bar the administrative remedy of intercepting an obligor's tax refund to satisfy [child-support] arrearages previously validly established." 430 N.W.2d at 12. The court found that

> [b]y its own terms, the statute of limitations here applies only to "actions." An action is "any proceeding in any court of this state." Nonjudicial relief is thus not necessarily barred by operation of the statute of limitations.

*Id.* (citations omitted).

Under the act, as codified in Minn.Stat. § 270A.01—.12 (2004), a state agency, defined to include a public agency responsible for child support enforcement, may collect a debt through setoff against a refund due to a debtor by submitting information required by the statute to the commissioner of revenue. *See* Minn.Stat. § 270A.07, subd. 1. "Debt" is defined in the statute as "a legal obligation of a natural person to pay a fixed and certain amount of money, which equals or exceeds $25 and which is due and payable to a claimant agency." Minn.Stat. § 270A.03, subd. 5. "A debt may arise under a contractual or statutory obligation, a court order, or other legal obligation, but need not have been reduced to judgment." *Id.*

Because *Bednarek* involves revenue recapture, it is not controlling in this case. The necessity of a court order to authorize the remedy of wage withholding to collect child support and child-support arrearages distinguishes wage withholding from revenue recapture permitted under Minn.Stat.

270A.01—.12. In *Holmberg v. Holmberg*, 588 N.W.2d 720, 724 (Minn.1999), holding that the legislatively-created, administrative child-support process violated the separation of powers provision of the Minnesota constitution, the supreme court noted that "dissolution remedies, including remedies in child support decisions, rely on the district court's inherent equitable powers." We conclude that wage withholding is a judicial remedy and not an administrative remedy.

### III. Statute of limitations bars recovery of child support under an expired judgment

Minn.Stat. § 541.04 (2004), provides that "[n]o action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment." Minn. Stat. § 548.09, subd. 1 (2004), which requires entry of every judgment compelling the payment of money, specifically provides that a judgment survives for ten years after its entry and makes clear that child-support judgments may be renewed under section Minn.Stat. § 548.091 (2004). Section 548.091, subd. 3b provides:

> Child support judgments may be renewed by service of notice upon the debtor. Service must be by first class mail at the last known address of the debtor, with service deemed complete upon mailing in the manner designated, or in the manner provided for the service of civil process. Upon the filing of the notice and proof of service, the court administrator shall administratively renew the judgment for child support without any additional filing fee in the same court file as the original child support judgment. The judgment must be renewed in an amount equal to the unpaid principle plus the accrued unpaid

interest. Child support judgments may be renewed multiple times until paid.

This simple renewal process for child-support judgments indicates that the legislature is well aware of the necessity of renewing child-support judgments to facilitate collection. The supreme court has recognized that the statute of limitations on judgments applies to recovery of child-support payments and has held that

> divorce decrees calling for support payments in the future are entitled to enforcement by the party to whom the support was awarded, *provided that each installment of support payments shall be treated independently and separately and recovery allowed only for those payments which accrue within ten years from the date of the commencement of the action.*

*Dent v. Casaga,* 296 Minn. 292, 297, 208 N.W.2d 734, 737 (1973) (emphasis added); *see also Dolly v. Nichols,* 386 N.W.2d 261, 263 (Minn.App.1986) (stating that divorce judgments governed by ten-year statute of limitations), *review denied* (Minn. June 30, 1986). Because the statute of limitations prevents judicial remedies from being used to collect expired child support and child-support arrearage judgments, we hold that the judicial remedy of wage withholding cannot be applied to collect child support under a judgment for child-support arrearages that has expired.

## DECISION

The CSM erred by concluding that the county can, through wage withholding, continue collect child-support payments from appellant after the judgment for child support expired on September 13, 2003.

**Reversed.**