In re the Marriage of Darlene GERBER, Respondent,

v.

John Truman GERBER, Respondent,

and

County of Anoka, intervenor, Appellant.

No. A04–1538.

Supreme Court of Minnesota.

June 1, 2006.

Robert M.A. Johnson, Anoka County Attorney, Bethany A. Fountain Lindberg, Assistant County Attorney, Anoka, MN, for appellant.

Robert A. Howard, Hicken, Scott & Howard, P.A., Anoka, MN, for respondent John Gerber.

Mike Hatch, Attorney General, Erika Schneller Sullivan, Patricia Sonnenberg, Assistant Attorneys General, St. Paul, MN, for amicus Minnesota Department of Human Services.

## OPINION

MEYER, Justice.

This case presents the narrow issue of whether the 10–year statute of limitations for an "action" brought on a judgment, Minn.Stat. § 541.04 (2004), applies to a county's administrative attempt to satisfy a child support obligor's arrearages through income withholding collection efforts. In 2004 respondent John Gerber (Gerber) filed a motion to prevent appellant Anoka County from continuing to withhold from his income to collect on a 1993 judgment for child support arrearages and to seek a refund for all payments made since September 13, 2003. The district court denied the motion because it said income withholding is an administrative remedy that is not affected by the statute of limitations. The court of appeals held that the statute of limitations

does apply because administrative income withholding is a judicial remedy, and thus an action under the statute of limitations. *Gerber v. Gerber*, 694 N.W.2d 573 (Minn. App.2005). We reverse.

Respondents John Gerber and Darlene Gerber (n/k/a Darlene Nelson) were married and had five children. On November 5, 1981, Nelson petitioned for dissolution of the marriage. The district court issued an order for temporary relief awarding Nelson temporary custody of the children and "$900 per month or 45% of [Gerber's] net income for support of the minor children payable through Anoka County Social Services." The order specified that "[s]upport shall be withheld from [Gerber's] wages." A substantially similar provision was included in the court's February 12, 1982, final judgment of dissolution. The wage withholding clause said "[Gerber's] employer shall withhold said child support from [Gerber's] net income and * * * that said withholding [shall] be forwarded directly to Anoka County Social Services which agency shall then forward said support sums to [Nelson]."

On April 19, 1984, the district court amended the judgment to require, inter alia, a flat child support rate of $900 per month because of Nelson's significantly increased income and consequent decreased need for support. The order restated the income withholding mechanism for satisfying Gerber's child support obligations as provided in the February 12, 1982, judgment of dissolution. Nelson did not receive any child support payments after this April 19, 1984, order.

On November 12, 1987, the district court entered a $3,600 judgment against Gerber for child support arrearages that accrued between June 1, 1987, and September 30,

1987. On June 20, 1993, the last child of Gerber and Nelson was emancipated. On September 13, 1993, the court entered a default judgment against Gerber in the amount of $94,850 for past due child support from April 19, 1984, to May 31, 1993.[1] Neither Nelson nor Anoka County took any action to renew the 1993 judgment when it expired on September 13, 2003.

In May of 2001 Anoka County was successful in locating a payor of funds to Gerber, and it initiated an administrative proceeding to withhold from his income. From May 1, 2001, through April 30, 2004, Gerber made 36 consecutive monthly payments on the judgment through income withholding. On May 4, 2004, Gerber made a motion for the court to order (1) that no further actions be taken to collect on the 1993 judgment, and (2) that he be reimbursed "for all payments made since September 13, 2003," the date he said the judgment expired. Anoka County intervened in the action.

On May 31, 2004, a child support magistrate issued an order denying Gerber's motion, determining that "[a]utomatic wage withholding is an administrative remedy, not a judicial remedy, that remains in place regardless of the date of the entry of the Judgment and Decree." The court of appeals reversed, holding "wage withholding is a judicial remedy and not an administrative remedy" and thus is barred by the statute of limitations. *Gerber*, 694 N.W.2d at 576. The court reasoned that because the law at the time of the 1982 marital dissolution and child support judgment required a court order to authorize income withholding, it is a judicial remedy subject to the 10–year statute of limitations for an action brought on a judgment,

---

1. The 1993 judgment did not incorporate the 1987 judgment. But the 1987 judgment has since been satisfied in full. The 1987 judgment did not reflect the arrearages that accrued between April 19, 1984, and June 1, 1987.

Minn.Stat. § 541.04. *Gerber*, 694 N.W.2d at 576.

 ˙Minnesota Statutes § 541.04 provides, "[n]o action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within 10 years after the entry of such judgment." The issue is whether income withholding is an "action" within the meaning of section 541.04. This is a matter of statutory interpretation that we review de novo.[2] *Benigni v. County of St. Louis*, 585 N.W.2d 51, 54 (Minn.1998).

We considered the meaning of an "action" under Minn.Stat. § 541.05 (1974) in *Har–Mar, Inc. v. Thorsen & Thorshov, Inc.*, where a fee dispute arose between a developer and an architectural firm following the construction of a shopping center. 300 Minn. 149, 150, 218 N.W.2d 751, 753 (1974). The architectural firm demanded arbitration to resolve the dispute. *Id.* at 151, 218 N.W.2d at 753. The developer refused and commenced an action for declaratory and injunctive relief, arguing that the arbitration demand was barred by Minn.Stat. § 541.05, which requires that an "action" on a contract or other obligation be brought within six years. 300 Minn. at 151–52, 218 N.W.2d at 754.

We recognized that an "action" was intended "both by statutory definition and at common law * * * to be confined to judicial proceedings."[3] *Id.* at ·153, 218 N.W.2d at 754. We distinguished an arbitration proceeding from a judicial proceeding because "[t]he statutory design of the [Uniform Arbitration Act] * * * is to encourage ·voluntary, speedy, inexpensive, private,· and final out-of-court arbitration of commercial contractual disputes by commercial experts." 300 Minn. at 153, 218 N.W.2d at 754. We concluded section "541.05(1) was not intended to bar arbitration of [the architectural firm's] fee dispute solely because such claim would be barred if asserted in an action in court." 300 Minn. at 155, 218 N.W.2d at 755; *see also Akerson v. Anderson*, 202 Minn. 356, 357.–58, 278 N.W. 577, 577 (1938) (holding the enforcement of a lien is not an "action" within the meaning of the former version of section 541.05(1)).

The statutes authorizing income withholding as a mechanism for enforcing child support arrearages establish that the remedy is not a judicial proceeding. Unlike other child support collection mechanisms,[4]

---

2. Anoka County focuses primarily on federal child support statutes that make income withholding "administrative," arguing that because states are required to pass similar statutes as a condition to receiving federal grant money, the federal mandate indicates the Minnesota legislature's intent that the statute of limitations not apply to income withholding. We need not resort to federal law because this issue can be resolved under Minnesota case law and statutes. *See* Minn.Stat. § 645.16 (2004) (only allowing inquiry into legislative intent where the words of the law are ambiguous).

3. Minnesota Statutes § 645.45 (2004) defines "action" as "any proceeding in any court of this state," but limits its application to statutes enacted after 1941. Because the statute of limitations at issue in *Har–Mar* existed well

before 1941, we noted that the definitional statute was persuasive, not controlling. 300 Minn. at 152, 218 N.W.2d at 754. Similarly, it is not controlling here because section 541.04 existed well before 1941.

4. Other child support arrearages enforcement mechanisms require (1) a motion by the obligee to the court; (2) proof of nonpayment in a specified amount; and (3) *a court order imposing the· remedy*. *See, e.g.,* Minn.Stat. § 518.551, subds. 12 (occupational license suspension), 13 (driver's license suspension), 14 (motor vehicle lien), 15 (2004) (recreational license, permit, and stamp suspension); Minn.Stat. § 548.091, subd. 1a(b) (2004) (reinstatement of interest on arrearages after court ordered that interest stop accruing); Minn.Stat. § 518.6111, subd. 6(a) (2004)

income withholding can be authorized by an administrative agency to recover child support arrearages with no prior judicial approval. Minn.Stat. § 518.5513, subd. 5(a)(5), (7) (2004); Minn.Stat. § 518.6195 (2004); *see also* Minn.Stat. § 518.6111, subd. 7(a), (b) (2004) (authorizing administrative income withholding even if the court ignores its obligation to address it in the initial child support order); Minn.Stat. § 518.5513, subd. 5(f) (2004) (characterizing income withholding as an "administrative action"). Also, like arbitration, the purpose of administrative income withholding is to provide an expedited, simple, efficient, and inexpensive way of resolving disputes over child support payments without resort to judicial process. Minn. Gen. R. Prac. 351.02; *see also* Minn.Stat. §§ 518.5513, 518.6111. Finally, income withholding is even less like a judicial proceeding than arbitration because, unlike arbitration, income withholding does not involve the determination of legal or factual claims by employing procedures similar to judicial proceedings.

Gerber asks this court to classify income withholding as a judicial remedy because in 1982, when the initial child support judgment was entered, a court order was needed to impose income withholding. Gerber points out that section 518.5513 contains no retroactivity clause. But section 518.5513 is not the statute that is directly applicable here because it only addresses administrative income withholding mechanisms for child support *payments*. Minn.Stat. § 518.5513. Instead, section 518.6195(a) is the relevant statute because it makes all of the collection methods available from section 518.5513, section 518.6111, and all others in chapters 518, 256, 257, and 518C, applicable to the collection of child support *arrearages*. Minn. Stat. § 518.6195(a). It is Gerber's arrearages upon which the 1993 judgment is based, not the 1982 ordered payments. And section 518.6195(a) "applies retroactively to any support arrearage that accrued on or before [August 1, 1997]." Minn.Stat. § 518.6195(b). Even if the district court had failed to include income withholding in its 1982 judgment as a potential enforcement mechanism, income withholding to enforce the 1993 judgment would still be available to Anoka County without a court order under section 518.6195(a).

Gerber also points out that the legislature has created a simple administrative renewal process to avoid the expiration of child support judgments. *See* Minn.Stat. § 548.091, subd. 3b (2004) (providing that child support judgments may be renewed by serving and filing a notice to renew the judgment). He argues that this indicates a legislative intent that the statute of limitations on judgments should be applied to administrative income withholding. We disagree. This section shows nothing more than the legislature recognized that *judicial remedies* on child support judgments are subject to the statute of limitations, and that there must be an expedited process to avoid its application.[5]

---

(preauthorization of transfers from obligor's bank account into child support account); Minn.Stat. § 518.616 (2004) (requiring obligor to seek employment).

**5.** The court of appeals relied upon *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn.1999) in deciding that wage withholding was a judicial remedy. *Holmberg* involved the constitutionality of the entire "administrative child sup-

port process." *Id.* at 721. In this case by contrast, we address only the collection of arrearages, not the process by which those arrearages have been adjudicated. Accordingly, the separation of powers concerns presented in *Holmberg* are not present here. *See State v. Schwartz*, 628 N.W.2d 134, 140 (Minn.2001) (distinguishing *Holmberg* and holding that administrative authority of commissioner of corrections "to control super-

We hold that administrative income withholding initiated by a county to collect child support arrearages is not a judicial proceeding, it is not an "action" within the meaning of Minn.Stat. § 541.04, and thus is not subject to its 10–year limitation period. The decision of the court of appeals is reversed.

Reversed.

vised and conditional release revocation [does not] usurp[ ] and interfere[ ] with functions of the judiciary").