**AMICA MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Thomas B. WARTMAN, individually and as shareholder/owner of Landform, Inc., Respondent.**

**No. A13–0937.**

Court of Appeals of Minnesota.

Jan. 6, 2014.

638

Michael W. Lowden, Shari L. Lowden, The Lowden Law Firm, LLC, Minnetonka, MN, for appellant.

Gregory J. Collins, Mulligan & Bjornnes, PLLP, Minneapolis, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; RODENBERG, Judge; and CHUTICH, Judge.

## OPINION

RODENBERG, Judge.

Appellant Amica Mutual Insurance Company appeals from the district court's grant of summary judgment in favor of respondent Thomas B. Wartman dismissing appellant's suit claiming entitlement to "piercing of the corporate veil" because the underlying judgment against the corporate entity had expired under Minn.Stat. § 541.04. We affirm.

## FACTS

Respondent was the owner and sole shareholder of Landform, Inc., which built a home in Shorewood. Appellant insured the home under a homeowner's policy. In 2001, appellant paid a claim for water damage at the Shorewood home. Appellant then sued Landform, alleging that the water damage was caused by negligent construction. On October 14, 2002, a default judgment was entered against Landform and in favor of appellant for $126,014.99. Landform ceased doing business in 2002 and the judgment was never paid.

On April 7, 2007, appellant served respondent with a summons and complaint, alleging that respondent dissolved Landform "in an attempt to hinder, delay and discard its obligation" under the 2002 judgment. Appellant sought to pierce the corporate veil of Landform to hold respondent personally liable for the 2002 judgment against the corporation. Respondent timely answered appellant's complaint.

Although the complaint was served in 2007, appellant did not file its complaint with the district court until 2012. Respondent acknowledges having instructed his attorney not to respond to or participate in the litigation beyond interposing the answer until after the 2002 judgment against Landform expired on October 14, 2012 by operation of the ten-year limitation in Minn.Stat. § 541.04. On January 23, 2013, respondent served and filed a motion for summary judgment, contending that the district court could not find him "personally liable for a judgment that no longer exists."

On April 13, 2013, the district court granted respondent's motion for summary judgment, stating:

> [Appellant] did not seek to renew or extend the judgment against Landform in its Complaint. [Appellant] only sought to pierce the corporate veil, an action akin to a creditor's bill. The Minnesota Supreme Court has specifically held that these types of actions do not serve to renew the ten-year period found in Minn.Stat. § 541.04.

The district court explained that a creditor's bill does not seek to obtain a new judgment but instead seeks to satisfy an existing judgment. Because appellant's complaint "is not a renewal action that

serves to extend the ten-year statute of limitations on the 2002 judgment," the original judgment "has expired and no longer exists." The district court concluded that, "[a]s [appellant] has not renewed the underlying judgment and that judgment has expired, [appellant] does not have a judgment that could be satisfied if [appellant] succeeded in its veil-piercing action." Because it found that appellant could not obtain relief, the district court granted respondent's motion for summary judgment. This appeal followed.

### ISSUE

Did the district court err in granting summary judgment in favor of respondent based on the conclusion that appellant's veil-piercing action is akin to a creditor's bill and does not renew the ten-year life of a judgment?

### ANALYSIS

■ Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. "On appeal, we review a grant of summary judgment to determine (1) if there are genuine issues of material fact and (2) if the district court erred in its application of the law." *Osborne v. Twin Town Bowl, Inc.,* 749 N.W.2d 367, 371 (Minn.2008) (quotation omitted). "We view the evidence in the light most favorable to the party against whom summary judgment was granted." *STAR Ctrs. v. Faegre & Benson, L.L.P.,*

644 N.W.2d 72, 76–77 (Minn.2002). Here, the parties agreed on the facts of the case and informed the district court that the sole issue before it was a question of law. "When the material facts are not in dispute, we review the [district] court's application of the law de novo." *In re Collier,* 726 N.W.2d 799, 803 (Minn.2007).

■ Once a judgment is docketed, it exists for ten years as a lien upon the judgment debtor's real property. Minn. Stat. § 548.09, subd. 1 (2012). "No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment." Minn.Stat. § 541.04. The parties dispute whether appellant's veil-piercing suit constitutes an "action" on the judgment under this statute. An action under Minn.Stat. § 541.04 is "intended both by statutory definition and at common law to be confined to judicial proceedings." *Gerber v. Gerber,* 714 N.W.2d 702, 704 (Minn.2006) (quotation omitted).[1] In *Gerber,* the supreme court determined that administrative income withholding to collect child support arrearages is not a judicial proceeding and is therefore not an action under Minn.Stat. § 541.04. *Id.* at 706.

■ Here, the district court determined that appellant's corporate-veil-piercing suit was not an action that "renew[s] the ten-year period found in Minn.Stat. § 541.04," distinguishing between actions to extend or renew a judgment and actions to collect on a judgment. A "judgment may be renewed by an independent action upon the judgment, but such an action

1. The *Gerber* court explained that "Minnesota Statutes § 645.45 (2004) defines 'action' as 'any proceeding in any court of this state,' but limits its application to statutes enacted after 1941." 714 N.W.2d at 704 n. 3. Because Minn.Stat. § 541.04 existed before 1941, the statutory definition of "action" does not control. *Id.* Furthermore, because section 541.04 "shows no intent to abrogate the common law," common law applies. *Dahlin v. Kroening,* 796 N.W.2d 503, 505 (Minn.2011).

must be commenced within the ten-year period." *In re Sitarz,* 150 B.R. 710, 724 n. 20 (Bankr.D.Minn.1993) (quotation marks omitted). If no renewal action is brought within that ten-year period, "the original judgment lapses, and becomes unenforceable." *Id.* But if a renewal action is brought within the ten-year period, the judgment is valid for an additional ten years. *Dahlin,* 796 N.W.2d at 505. In fact, "an action on a judgment results in a new judgment, which may then serve as the basis for a subsequent action on a judgment," such that multiple "renewals" of a judgment are permissible so long as each is renewed by an action on the prior judgment commenced within ten years. *Id.* at 507. A renewal action can be commenced "on the very last day of the ten years" that a judgment remains in effect. *Sandwich Mfg. Co. v. Earl,* 56 Minn. 390, 397, 57 N.W. 938, 940 (1894). Therefore, a plaintiff's suit can proceed to trial after a judgment has expired as long as the plaintiff commenced a renewal action within the ten-year period. *Id.*

Historically, a party could bring a suit in the form of a pleading known as a creditor's bill. *Snyder Elect. Co. v. Fleming,* 305 N.W.2d 863, 870 n. 2 (Minn.1981). There were two types of creditor's bills in equity:

> The first was where the judgment creditor sought to satisfy his judgment out of the equitable assets of the debtor which could not be reached by execution. The second was where property legally liable to execution had been fraudulently conveyed and the creditor attempted to have the conveyance set aside.

*Lind v. O.N. Johnson Co.,* 204 Minn. 30, 36, 282 N.W. 661, 665–66 (1938). For the first type of creditor's bill, the statute of limitations did not start to run until the creditor demonstrated that it had exhausted its remedy at law by having an execu-

tion returned unsatisfied. *Id.* at 37, 282 N.W. at 666. For the second type, the statute of limitations started to run when the judgment was docketed because the creditor was not required to first exhaust its other remedies. *Id.* A creditor without a judgment could also bring suit under the second type of creditor's bill to set aside a fraudulent conveyance. *Id.* at 39, 282 N.W. at 667.

In Minnesota, a creditor's bill is ancillary to the original judgment. *Newell v. Dart,* 28 Minn. 243, 249, 9 N.W. 732, 733 (1881). It is not "an action brought upon the judgment as a cause of action, in order to obtain a new judgment, but simply an action ancillary to and for the purpose of obtaining satisfaction of, an existing judgment." *Id.* at 249–50, 9 N.W. at 733. Bringing a creditor's bill action during the life of the judgment "neither creates a new lien, nor extends the judgment lien." *Id.* at 250, 9 N.W. at 733.

A creditor's bill has been characterized as similar to a garnishment proceeding. *Alton M. Johnson Co. v. M.A.I. Co.,* 451 N.W.2d 651, 655 (Minn.App.1990), *rev'd on other grounds,* 463 N.W.2d 277 (Minn.1990). A "proceeding against the garnishee is statutory, in the nature of a creditor's bill to reach assets of the defendant." *Bassi v. Bassi,* 165 Minn. 100, 102, 205 N.W. 947, 947–48 (1925). Like a creditor's bill, a garnishment proceeding "is not an independent action but merely an ancillary proceeding, to secure and make effectual any judgment recovered in the main action." *Gilloley v. Sampson,* 203 Minn. 233, 237, 281 N.W. 3, 5 (1938).

In *Snyder Electric Co.,* the plaintiffs obtained a judgment against a corporation and thereafter sued the corporation's sole shareholder in a separate action, seeking to collect on the judgment against the corporation. 305 N.W.2d at 866. The supreme court characterized the plaintiffs'

suit seeking to reach the personal assets of a shareholder to satisfy a judgment against an insolvent corporation as "in the nature of a creditor's bill." *Id.* at 870 n. 2.

Here, the facts are similar to those in *Snyder Electric Co.* Appellant's veil-piercing action was brought for the express purpose of collecting from respondent to satisfy the judgment against Landform, as Landform has no assets that can satisfy the underlying judgment. In its complaint, appellant alleged that Landform was the alter ego of respondent, its sole shareholder. This veil-piercing action is the equivalent of the creditor's bill described in *Snyder Electric Co. Id.* Appellant's argument that a creditor's bill must seek collection from the judgment debtor's property, rather than from a shareholder's property, fails. The plaintiffs in *Snyder Electric Co.* sought collection from the shareholder's property in an action the supreme court characterized as a creditor's bill. *Id.* Treating appellant's veil-piercing action as the equivalent of a creditor's bill, and not as an action maintained upon a judgment within the meaning of Minn.Stat. § 541.04, is consistent with Minnesota precedent and the statute itself, Minn.Stat. § 541.04.

Importantly, and in contrast to a judgment-renewal action, a creditor's bill does not operate to extend the life of a judgment. In *Newell,* the plaintiff obtained a judgment against defendant Dart and then brought a creditor's bill to reach a judgment that Dart held against two other defendants (the judgment in favor of Dart against the other defendants being an asset of Dart). 28 Minn. at 248, 9 N.W. at 732–33. The plaintiff's creditor's bill "depend[ed] entirely upon the existence of his judgment." *Id.* at 249, 9 N.W. at 733. Like appellant, the *Newell* plaintiff started, but did not complete, his creditor's bill action before his judgment against Dart

expired. *Id.* The supreme court in *Newell* determined that the plaintiff's creditor's bill did not extend the original underlying judgment because it was ancillary to the judgment and commenced "for the purpose of obtaining satisfaction of an existing judgment." *Id.* at 250, 9 N.W. at 733. "It has been repeatedly held that a pending levy of an execution made during the life of a judgment will not operate to continue the life or lien of a judgment beyond the statutory period...." *Id.* Furthermore, "nothing but a renewal within the life of the judgment will continue the lien of the judgment." *Id.* The supreme court concluded that a creditor's bill action does not extend the life of a judgment. *Id.,* 9 N.W. at 734. Because the plaintiff's original judgment in *Newell* had ceased to exist, his suit could not result in a new judgment against the debtor, and his creditor's bill failed. *Id.* at 250–51, 9 N.W. at 734.

Likewise here, appellant chose not to bring a renewal action on the 2002 judgment itself, even though it had plenty of time in which to do so. Appellant instead initiated the veil-piercing action against respondent in a suit that did not even name Landform as a defendant. The veil-piercing action is in the nature of a creditor's bill, seeking to hold respondent personally liable for the judgment against the corporation, as its purpose was to satisfy the existing judgment. *See id.* at 249–50, 9 N.W. at 733. As in *Newell,* appellant commenced its veil-piercing action before the underlying 2002 judgment expired, but it failed to obtain an extension or renewal of the underlying judgment before its expiration by operation of Minn.Stat. § 541.04. As a result, the 2002 judgment expired in October 2012, and because action on the underlying judgment is time-barred, appellant cannot now obtain a new judgment against either Landform or respondent. *Id.* at 250–51, 9 N.W. at 734.

To support the argument that a veil-piercing action is an action upon the judgment under Minn.Stat. § 541.04, appellant cites a case from Tennessee with similar facts. *Oceanics Sch., Inc. v. Barbour*, 112 S.W.3d 135 (Tenn.Ct.App.2003). In *Barbour*, the plaintiff obtained a judgment against a corporation and then sought to pierce the corporate veil and hold the corporation's sole shareholder responsible under an alter ego theory. *Id.* at 137. The court had earlier refused to allow enforcement of the judgment against the individual defendant shareholder, but allowed the plaintiff to pursue a separate suit to pierce the corporate veil. *Id.* at 142. Appellant correctly notes that the *Barbour* court determined that the veil-piercing suit was "controlled by the ten-year statute of limitations addressing actions on judgments." *Id.* at 146.

All of the proceedings in *Barbour*, however, occurred *within* the ten-year life of the underlying judgment. *See id.* at 138–39 (plaintiff obtained its judgment in 1997, brought its veil-piercing suit in 1999, and the supreme court affirmed the piercing in 2003, within the ten-year period); *see also Snyder Electric Co.*, 305 N.W.2d at 866 (plaintiffs obtained their original judgments in 1977 and 1978 and the supreme court was discussing their suit against the defendant shareholder in 1981, so the action against the defendant shareholder necessarily occurred well before the end of the ten-year life of the judgment); *Victoria Elevator Co. v. Meriden Grain Co.*, 283 N.W.2d 509, 511 (Minn.1979) (plaintiff obtained a default judgment against a corporation in 1974 and, since the supreme court's piercing decision occurred in 1979, sought a judgment against the defendant shareholder within the required ten-year period). The *Barbour* court determined that the defendant was the alter ego of the corporation and ordered a veil piercing *before* the original judgment expired. 112

S.W.3d at 145–46. As a result, "the judgment against the corporation is properly construed as a judgment against [the shareholder-defendant] as well." *Id.* at 146. Because the veil-piercing action was concluded before the end of the ten-year limitations period, *Barbour* is easily distinguishable.

After analyzing caselaw from other jurisdictions, the *Barbour* court determined that a veil-piercing suit "in connection with a previously-obtained judgment against a corporation is not a separate and independent cause of action." *Id.* at 145 (quotation omitted). The defendant in *Barbour* argued that the district court erred in treating the case "as an action to enforce the judgment the plaintiff previously obtained against" the corporation. *Id.* at 142. The appellate court disagreed. It treated the plaintiff's veil-piercing action as an action to enforce the judgment and rejected the view that the suit was a separate and independent cause of action. *Id.* at 145. Therefore, *Barbour* does not support appellant's argument that its veil-piercing action is a new action against the judgment debtor sufficient under Minn.Stat. § 541.04 to renew the underlying 2002 judgment.

In sum, the district court correctly concluded that appellant's veil-piercing action is similar to a creditor's bill, is ancillary to the original 2002 judgment, and is intended only to satisfy an existing judgment. *Newell*, 28 Minn. at 249–50, 9 N.W. at 733. Therefore, the 2002 judgment against Landform has expired and there is no judgment upon which appellant is entitled to collect, even if it were to succeed in its veil-piercing action. The district court therefore properly granted respondent summary judgment on this action ancillary to a judgment which has expired by operation of law.

## DECISION

In order to bring an action upon a judgment under Minn.Stat. § 541.04, a judgment creditor must bring suit against the original judgment debtor within the ten-year period. Because appellant did not timely bring suit against the original judgment debtor but instead sued only the judgment debtor's sole shareholder, appellant's veil-piercing action is not an action upon a judgment within the meaning of Minn.Stat. § 541.04.

**Affirmed.**